SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:     (213) 270-9600
Facsimile:     (213) 270-9601

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

SEYFARTH SHAW LLP
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone:     (916) 448-0159
Facsimile:     (916) 558-4839

Attorneys for Defendant
HYATT CORPORATION dba ALILA MAREA BEACH
RESORT ENCINITAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 37-2022-00032206-CU-OE-CTL<br><br>[Hon. Matthew C. Braner, Dept. C-60]<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[IMAGED FILE]<br><br>Complaint Filed:     August 11, 2022 |

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Hyatt Corporation dba Alila Marea Beach Resort Encinitas ("Defendant") hereby answers Plaintiff Carlos Calderon Granados' ("Plaintiff") First Amended Complaint ("Complaint"), as set forth below.

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d) and (e), Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. Defendant further denies, generally and specifically, that Plaintiff and those persons he seeks to represent have suffered any damage or loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.      The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and/or California Labor Code §§ 201, 202, 203, 204, 221-224, 226, 226.3, 226.7, 510, 512(a), 558, 1174, 1194, 1197, 1197.1, and 1198.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Estoppel)

2.      Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendant.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

4.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of laches.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Set Off)

5.     To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver)

6.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

7.     Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel to the extent that Plaintiff and/or those persons he purports to represent have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

8.    Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff and/or any persons he purports to represent who has given a release in exchange for adequate consideration.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

9.    To the extent Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prompt Remedial Action)

10.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Standing)

11.    Plaintiff's claims are barred to the extent that he lacks standing to pursue the claims for relief in the Complaint on behalf of some or all of those persons he purports to represent.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutory Penalties Unconstitutional)

12.    Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendant's rights to due process and equal protection under the United States and California Constitutions.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Excessive Fines)

13.    Plaintiff's claims for statutory penalties are barred because they constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Due Process)

14.    Plaintiff's claims are barred because prosecution of this action by Plaintiff and the putative class members as a class action would constitute a denial of Defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

### FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (*De Minimis* Doctrine)

15.    Plaintiff's claims fail to the extent that even if Plaintiff or any purportedly similarly situated current or former employee was not paid for any work performed while employed by Defendant, which Defendant denies, such work is *de minimis*, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

### SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (No Knowing and Intentional Violation of Labor Code)

16.    Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

### SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Good Faith Dispute)

17.    Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage order.

### EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

#### (Action Unconstitutional)

18.    Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing Under Business and Professions Code Section 17200)

19.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that they suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

20.     Defendant alleges, based on information and belief, that Plaintiff and those persons he purports to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages. By reason of the foregoing, Plaintiff and those persons he purports to represent are barred in whole or in part from recovery of damages from Defendant.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods)

21.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or those persons he purports to represent. Defendant also did not have actual or constructive knowledge that Plaintiff or those persons he purports to represent were denied any meal or rest periods. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where

an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver Of Meal Periods)

22.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff or those persons he purports to represent signed legally valid written waivers of any meal periods or otherwise voluntarily waived meal periods.

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Show Entitlement To Waiting Time Penalties)

23.    Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff or those persons he purports to represent have failed to show that Defendant willfully, knowingly, or intentionally did not pay all accrued wages, overtime wages, or premium wages within the time required following any discharge or voluntary resignation of employment. Plaintiff, and those persons he purports to represent, therefore cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Duplicate Damages)

24.    To the extent Plaintiff or those persons he purports to represent have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

25.    Plaintiff's Ninth Cause of Action is barred to the extent Plaintiff has failed to exhaust any administrative remedies required by the Labor Code Private Attorneys General Act of 2004, Lab. Code §§ 2698 *et seq*. ("PAGA")

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Abatement or Exclusive Concurrent Jurisdiction)

26.    The Complaint, and each purported cause of action, is barred to the extent Plaintiff is a representative of the State and a party to another pending action also seeking penalties on behalf of the same aggrieved employees based on the same claims, and prohibited under Code of Civil Procedure section 430.10(c) or the rule of exclusive concurrent jurisdiction from splitting and litigating claims being separately litigated.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

27.    The Complaint is barred to the extent the recovery of penalties, under the circumstances of this case, would be unjust, arbitrary and oppressive, or confiscatory and disproportionate to any harms resulting from Defendant's conduct (which Defendant expressly denies) and thus unconstitutional under Article I, Section VII, of the California Constitution.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Due Process and Unmanageable Trial)

28.    The Complaint, and each purported cause of action, is barred to the extent that a trial plan, consistent with Plaintiff's burden to prove Labor Code violations for allegedly aggrieved employees and with Defendant's due process rights to present defenses as to individual employees, pay periods, or claims, for example, would not be would not be manageable.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29.    Defendant may have additional, as yet unidentified defenses available. Defendant reserves the right to assert any additional affirmative defenses that are supported by information or facts obtained through discovery or other means during this case, and they expressly reserves the right to amend this answer to assert such additional affirmative defenses in the future.

1

**<u>PRAYER</u>**

2          WHEREFORE, Defendant prays for judgment as follows:

3     1.     That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent

4            by this action, take nothing by the unverified Complaint;

5     2.     That judgment be entered in favor of Defendant and against Plaintiff and all persons

6            Plaintiff purports to represent by this action on all causes of action;

7     3.     That Defendant be awarded reasonable attorneys' fees according to proof;

8     4.     That Defendant be awarded the costs of suit incurred herein; and

9     5.     That Defendant be awarded such other and further relief as the Court may deem

10           appropriate and proper.

11   DATED: May 30, 2023                           SEYFARTH SHAW LLP

12

13                                          By: _____

14                                                Brian P. Long
                                                  Michael Afar
15                                                Phillip J. Ebsworth
                                            Attorneys for Defendants
16                                          HYATT CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

8

1

## **PROOF OF SERVICE**

2     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2300, Sacramento, California 95814-

3     4428. On May 30, 2023, I caused to be served the within document(s):

4     **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

5

6     ☒ by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

7
       ☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
8        sealed envelope or package provided by an overnight delivery carrier with postage paid on
         account and deposited for collection with the overnight carrier at Sacramento, California,
9        addressed as set forth below.

10     ☐ by transmitting the document(s) listed above, electronically, to the e-mail addresses set forth
         below.

11     James R. Hawkins,              Attorneys for Plaintiff
       Christina M. Lucio
12     James Hawkins APLC              Tel: 949-387-7200
13     9880 Research Drive, Suite 200  Fax: 949-387-6676
       Irvine, CA 92618
14
                                       james@jameshawkinsaplc.com
15                                     christina@jameshawkinsaplc.com

16
           I am readily familiar with the firm's practice of collection and processing correspondence for
17     mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
       postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
18     served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
       after date of deposit for mailing in affidavit.
19
           I declare under penalty of perjury under the laws of the State of California that the above is true
20     and correct.

21         Executed on May 30, 2023, at Sacramento, California.

22

23

24     _____
              Linda Ninelist
25

26

27

28

9

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

94921053v.1

1  JAMES HAWKINS APLC
   James R. Hawkins (SBN 192925)
2  James@Jameshawkinsaplc.com
   Christina M. Lucio (SBN 253677)
3  Christina@Jameshawkinsaplc.com
   9880 Research Drive, Suite 200
4  Irvine, California 92618
   Telephone: (949) 387-7200
5  Facsimile: (949) 387-6676

6  Attorneys for Plaintiff CARLOS CALDERON GRANADOS,
   On behalf of himself and all others similarly situated
7

8  [*Additional Counsel on the Following Page.*]

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN DIEGO

11

12  CARLOS CALDERON GRANADOS,              Case No. 37-2022-00032206-CU-OE-CTL
    individually and on behalf of himself and all
13  others similarly situated,             [Hon. Matthew C. Braner, Dept. C-60]

14                 Plaintiff,              **STIPULATION RE: CONSOLIDATION OF**
                                           **CLASS ACTION AND PRIVATE ATTORNEYS**
15       v.                                **GENERAL ACT ACTION**

16  HYATT CORPORATION, a Delaware          Complaint Filed:    August 11, 2022
    Corporation, doing business as ALILA
17  MAREA BEACH RESORT ENCINITAS, and
    DOES 1-50, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

                         STIPULATION RE: CONSOLIDATION

1  SEYFARTH SHAW LLP
   Brian P. Long (SBN 232746)
2  bplong@seyfarth.com
   601 South Figueroa Street, Suite 3300
3  Los Angeles, California 90017-5793
   Telephone:    (213) 270-9600
4  Facsimile:    (213) 270-9601

5  SEYFARTH SHAW LLP
   Michael Afar (SBN 298990)
6  mafar@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067
   Telephone:    (310) 277-7200
8  Facsimile:    (310) 201-5219

9  SEYFARTH SHAW LLP
   Phillip J. Ebsworth (SBN 311026)
10 pebsworth@seyfarth.com
   400 Capitol Mall, Suite 2300
11 Sacramento, California 95814
   Telephone:    (916) 448-0159
12 Facsimile:    (916) 558-4839

13 Attorneys for Defendant
   HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    Plaintiff Carlos Calderon Granados and Defendant Hyatt Corporation hereby submit this

2    stipulation and proposed order to consolidate the class action and the Private Attorneys General Act,

3    Labor Code section 2698 *et seq.*, action based upon the following facts:

4    1.    On August 11, 2022, Plaintiff Granados filed a putative wage and hour class action

5    against Defendant Hyatt in the Superior Court of the State of California, County of San Diego, Case No.

6    37-2022-00032206-CU-OE-CTL (the "Class Action"). The Class Action seeks damages, penalties and

7    attorneys' fees, expenses, and costs for alleged (1) failure to pay minimum wages, (2) failure to

8    accurately pay overtime, (3) failure to provide compliant meal and rest periods, (4) failure to timely pay

9    wages during employment, (5) failure to timely pay wages owed at separation, (6) inaccurate wage

10    statements, and (7) violation of unfair competition law.

11    2.    On October 18, 2022, Plaintiff Granados filed an action seeking civil penalties under

12    Labor Code section 2698 *et seq.* against Defendant Hyatt in the Superior Court of the State of

13    California, County of San Diego, Case No. 37-2022-00041892-CU-OE-CTL (the "PAGA Action"). The

14    PAGA action seeks civil penalties for Defendants' alleged violations of the California Labor Code,

15    including: (1) failure to pay minimum wages; (2) failure to accurately pay overtime, (3) failure to

16    provide compliant meal periods, (4) failure to provide compliant rest periods, (5) failure to timely pay

17    wages during employment, (6) failure to timely pay wages owed at separation, (7) inaccurate wage

18    statements, (8) failure to maintain accurate records, and (9) failure to pay sick leave at the proper rate.

19    3.    The Parties have met and conferred and have determined that the Class Action and the

20    PAGA Action should be consolidated before this Court into the lower-numbered Class Action. The

21    Parties agree that the two actions shall be consolidated for all purposes, including trial. To that end, the

22    Parties further agree that Plaintiff shall file an amended complaint consolidating the two actions. A true

23    and correct copy of Plaintiff's [Proposed] First Amended Complaint is attached hereto as **Exhibit A**.

24    4.    Subject to the Court's Order, the Parties further agree that Plaintiff's First Amended

25    Complaint will be filed within 10 days of the Court's entry of an Order granting leave for such filing.

26    Defendant shall have 30 days from the filing of the First Amended Complaint to file its responsive

27    pleading.

28    ///

2

STIPULATION RE: CONSOLIDATION

1        5.     ACCORDINGLY, it is hereby STIPULATED AND AGREED that the Class Action and

2    the PAGA Action shall be consolidated before this Court into the lower-numbered Class Action for all

3    purposes, including trial.

4    DATED: March 23, 2023                    JAMES HAWKINS APLC

5                                  By: _____

6                                      James R. Hawkins
                                Christina M. Lucio

7                               Attorneys for Plaintiff
                           CARLOS CALDERON GRANADOS

8

9    DATED: March 23, 2023                    SEYFARTH SHAW LLP

10

11                                 By: _____

12                                     Brian P. Long
                                Michael Afar

13                                     Phillip J. Ebsworth
                           Attorneys for Defendants
                           HYATT CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

## [PROPOSED] ORDER

2     The Court, having reviewed the Stipulation regarding Consolidation and good cause appearing,

3  **IT IS HEREBY ORDERED THAT:**

4      1.   The above-entitled action, Case No. 37-2022-00032206-CU-OE-CTL, and the action

5           entitled, *Granados v. Hyatt Corporation*, Case No. 37-2022-00041892-CU-OE-CTL, are

6           consolidated for all purposes, including trial. All future filings shall be made in Case No. 37-

7           2022-00032206-CU-OE-CTL;

8      2.   The Clerk of the Court is ordered to administratively close Case No. 37-2022-00041892-CU-

9           OE-CTL;

10     3.   Plaintiff's First Amended Complaint is to be filed within 10 days of this Order;

11     4.   Defendant shall file its responsive pleading within 30 days from the filing of the First

12          Amended Complaint.

13  **IT IS SO ORDERED**

14

15  DATED: _____

16
                                                    _____
17                                                  Honorable Matthew C. Braner
                                                    Judge of the Superior Court
18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: CONSOLIDATION

933-7843v.1

**EXHIBIT A**

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff CARLOS CALDERON GRANADOS, on behalf of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| | **COMPLAINT** |
| Plaintiff, | *Assigned for All Purposes To:* Hon. Matthew C. Braner, Dept. C-60 |
| v. | |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| Defendants. | 1) **Failure to Pay Minimum Wages;** |
| | 2) **Failure to Accurately Pay Overtime Wages;** |
| | 3) **Failure to Provide Lawful Meal Periods;** |
| | 4) **Failure To Authorize And Permit Rest Periods;** |
| | 5) **Failure to Timely Pay Wages During Employment** |
| | 6) **Failure to Timely Pay Wages Owed Upon Separation From Employment;** |
| | 7) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |
| | 8) **Violation of the Unfair Competition Law;** |
| | 9) **Penalties Under the Private Attorney Generals Act, Labor Code section 2698 et seq.** |

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff CARLOS CALDERON GRANADOS ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants HYATT CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive (collectively "Defendants" or "Hyatt") as follows:

## INTRODUCTION

1.     This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed by Defendants at the Alila Marea Beach Resort Encinitas, either directly or indirectly, in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".)

2.     Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime; premium wages; lawful meal and/or rest breaks; and timely payment of wages.

3.     Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages.

5.     This is also a representative action arising under the Private Attorneys General Act, Labor Code section 2698 et seq.  Plaintiff brings this action pursuant to the PAGA on a representative basis on behalf of all non-exempt employees, who are or were employed, directly or

FIRST AMENDED COMPLAINT

1   indirectly, by Defendants at the Alila Marea Beach Resort from one year prior to the filing of the
2   PAGA notice to the conclusion of this action.

3       6.      Plaintiff seeks civil penalties for Defendants' violation of various provisions of the
4   California Labor Code and IWC Wage Order. Defendants' violations include: (1) failure to pay
5   minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4)
6   failure to authorize and permit rest periods; (5) failure to timely pay wages due and payable during
7   employment; (6) failure to time pay wages upon separation; (7) failure to reimburse necessary
8   expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions;
9   (9) failure to maintain timekeeping and payroll records; and (10) failure to properly pay sick leave.

10                              **JURISDICTION AND VENUE**

11      7.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated
12  employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary
13  damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the
14  California Superior Court and will be established according to proof at trial.

15      8.      This Court has jurisdiction over this action pursuant to the California Constitution
16  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except
17  those given by statute to other courts. The statutes under which this action is brought do not give
18  jurisdiction to any other court.

19      9.      This Court has jurisdiction over this Action pursuant to California Code of Civil
20  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

21      10.     This Court has jurisdiction over Defendants because, upon information and belief,
22  each Defendant is either a resident of California, has sufficient minimum contacts in California, or
23  otherwise intentionally avails itself of the California market so as to render the exercise of
24  jurisdiction over them by the California Courts consistent with traditional notions of fair play and
25  substantial justice. Defendants have done and are doing business throughout California and San
26  Diego County.

27      11.     The unlawful acts alleged herein have a direct effect on Plaintiff and the other
28  similarly situated Non-Exempt Employees within San Diego County and it is believed that

1  Defendants have employed hundreds of Class Members as Non-Exempt Employees in San Diego
2  County.

3       12.    The California Superior Court also has jurisdiction in this matter because the
4  individual claims of the Class Members described herein are presently believed to be under the
5  seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the
6  aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including
7  attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be
8  under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.
9  Further, there is no federal question at issue, as the issues herein are based solely on California
10 statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil
11 Procedure, the California Civil Code, and the California Business and Professions Code.

12      13.    Venue is proper in this Court because one or more of the Defendants reside, transact
13 business, or have offices in this County, Plaintiff is a resident of this County, and the acts or
14 omissions alleged herein took place in this County.

15                                              **PARTIES**

16      14.    Defendant Hyatt Corporation is a Delaware Corporation doing business in the state
17 of California as Alila Marea Beach Resort Encinitas.  It is based at 150 North Riverside Plaza,
18 Chicago, IL 60606.

19      15.    Upon information and belief, Hyatt employs Non-Exempt Employees, like Plaintiff,
20 in the State of California.

21      16.    Plaintiff Carlos Calderon Granados is and during the liability period has been, a
22 resident of California.

23      17.    Plaintiff was employed in an hourly, non-exempt position by Defendants during the
24 relevant time period.

25      18.    Plaintiff and the members of the putative class were employed as hourly paid
26 employees employed by Defendants, either directly or indirectly, at the Alila Marea Beach Resort
27 in the State of California at any time from four years prior to the filing of this Complaint.

28      19.    Whenever in this complaint reference is made to any act, deed, or conduct of

- 3 -

1   Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through

2   one or more of Defendants' officers, directors, agents, employees, or representatives, who was

3   actively engaged in the management, direction, control, or transaction of the ordinary business and

4   affairs of Defendants.

5         20.    The true names and capacities of Defendants, whether individual, corporate,

6   associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

7   Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §

8   474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

9   capacities of the Defendants designated hereinafter as DOES when such identities become known.

10        21.    Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are

11  the partners, agents, or principals and co-conspirators of Defendants and of each other; that

12  Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided

13  and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits

14  of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the

15  liability of the Defendants as alleged herein.

16        22.    Plaintiff is further informed and believes, and thereon allege, that at all times

17  material herein, each Defendant was completely dominated and controlled by its co-Defendants

18  and each was the alter ego of the other. Whenever and wherever reference is made in this complaint

19  to any conduct by Defendant or Defendants, such allegations and references shall also be deemed

20  to mean the conduct of each of the Defendants, acting individually, jointly, and severally.

21  Whenever and wherever reference is made to individuals who are not named as Defendants in this

22  complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times

23  acted on behalf of Defendants named in this complaint within the scope of their respective

24  employments.

25                      **FACTUAL ALLEGATIONS**

26        23.    During the relevant time frame, Defendants compensated Plaintiff and the Non-

27  Exempt Employees based upon an hourly wage.

28        24.    Plaintiff and the Class Members were, and at all times pertinent hereto, have been

1   non-exempt employees within the meaning of the California Labor Code, and the implementing
2   rules and regulations of the IWC California Wage Orders.  They are subject to the protections of
3   the IWC Wage Orders and the Labor Code.

4        25.   During the relevant time, Plaintiff was employed by Defendants in an hourly, non-
5   exempt position.  He worked as a Massage Therapist in Defendants' facilities approximately 5 days
6   per week, 8-25 hours per week.

7        26.   Plaintiff is informed and believes, and thereon alleges, that Defendants are and were
8   advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the
9   requirements of California's wage and employment laws.

10       27.   All Class Members are similarly situated in that they are all subject to Defendants'
11  uniform policies and systemic practices as specified herein.

12       28.   Plaintiff and the Class Members were required to clock in at the beginning of their
13  shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.
14  Plaintiff and the Class Members were not paid for all hours worked because employees were
15  required to work off the clock, including for preparatory and post shift functions, and during
16  purported meal periods.

17       29.   In addition, Plaintiff and Aggrieved Employees were not compensated for all hours
18  worked because Defendants had an auto-deduct policy that resulted in 30-minutes of Plaintiff and
19  Aggrieved Employees hours worked being deducted, regardless if a legally compliant meal period
20  was provided.

21       30.   In addition, upon information and belief, Defendants failed to incorporate all forms
22  of non-discretionary compensation into the regular rate, including differentials, commissions,
23  service charges, and incentives.

24       31.   Plaintiff and the Class Members were regularly required to work shifts in excess of
25  five hours without being provided a lawful meal period as required by law.

26       32.   Indeed, during the relevant time, as a consequence of Defendants' scheduling
27  practices, work demands, and Defendants' policies and practices, Defendants frequently failed to
28  provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal

FIRST AMENDED COMPLAINT

1    periods as required by law.

2        33.    Defendants failed to provide meal periods on shifts up to six hours without a valid

3    waiver.

4        34.    Despite the above-mentioned meal period violations, Defendants failed to

5    compensate Plaintiff, and on information and belief, failed to compensate Class Members, one

6    additional hour of pay at their regular rate as required by California law when meal periods were

7    not timely or lawfully provided in a compliant manner.

8        35.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,

9    should know, knew, and/or should have known that Plaintiff and the other Class Members were

10   entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving

11   accurately calculated compensation.

12       36.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt

13   Employees were systematically not authorized and permitted to take one net ten-minute paid, rest

14   period for every four hours worked or major fraction thereof, which is a violation of the Labor

15   Code and IWC wage order.

16       37.    Defendants maintained and enforced scheduling practices, policies, and imposed

17   work demands that frequently required Plaintiff and Class Members to forego their lawful, paid

18   rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such

19   requisite rest periods were not timely authorized and permitted.

20       38.    Despite the above-mentioned rest period violations, Defendants did not

21   compensate Plaintiff, and on information and belief, did not pay Class Members one additional

22   hour of pay at their regular rate as required by California law, including Labor Code section 226.7

23   and the applicable IWC wage order, for each day on which lawful rest periods were not

24   authorized and permitted.

25       39.    Defendants also failed to provide accurate, lawful itemized wage statements to

26   Plaintiff and the Class Members in part because of the above specified violations.

27       40.    Defendants have also made it difficult to determine applicable rates of pay and

28   account with precision for the unlawfully withheld wages and deductions due to be paid to Non-

FIRST AMENDED COMPLAINT

1  exempt Employees, including Plaintiff, during the liability period because they did not implement

2  and preserve a lawful record-keeping method to record all hours worked, and non-provided rest

3  and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section

4  211(c), California Labor Code section 226, and applicable California Wage Orders.

5       41.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

6  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

7  thereof for resignations without prior notice as the case may be) they had a duty to accurately

8  compensate Plaintiffs and Class Members for all wages owed including straight time, overtime,

9  meal and rest period premiums, and that Defendants had the financial ability to pay such

10 compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part

11 because of the above-specified violations.

12      42.     Plaintiff and the Class Members are covered by applicable California IWC Wage

13 Orders and corresponding applicable provisions of the California Code of Regulations, Title 8,

14 section 11000 *et seq*.

15      43.     In addition to the above-specified violations, Plaintiff alleges that Defendants are

16 liable for penalties under PAGA for their failure to maintain accurate records and failure to pay

17 sick leave.

18      44.     The IWC wage orders, Labor Code Sections 226(a), 1174, and 1174.5 require that

19 the Defendant keep accurate payroll and timekeeping information.

20      45.     The IWC Wage Orders required in pertinent part: Every employer shall keep

21 accurate information with respect to each employee including the following: (3) Time records

22 showing when the employee begins and ends each work period. Meal Periods, split shift intervals,

23 and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period

24 and applicable rate of pay…"

25      46.     Labor Code section 1174 also requires Defendants to maintain and preserve, in a

26 centralized location, among other items, records showing the names and addresses of all employees

27 employed and payroll records showing the hours worked daily by and the wages paid to, its

28 employees.

FIRST AMENDED COMPLAINT

47.    On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor code section 1174, including by implementing the policies and procedures and committing the violations alleged above, including without limitation failing to keep records of meal periods and all wages earned at the proper rates.

48.    Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

49.    Labor Code 246(i) provides: An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified.

50.    Labor Code section 246(l) provides: "For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations: (1) Paid sick leave for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek. (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

51.    In this case, Plaintiff alleges that Defendants failed to pay sick leave at the proper rate because it failed to take all forms of compensation, including incentives, and other wages into account in calculating the regular rate. This constitutes a violation of Labor Code.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

53.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

54.    The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendants as hourly paid, non-exempt workers at the Alila Marea Beach Resort Encinitas in the State of California at any time from four years prior to the filing of**

- 8 -

1  **this action through resolution or trial of the matter.**   (hereinafter collectively referred to as the
2  "Class" or "Class Members").

3      55.   Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which
4  are composed of Class Members satisfying the following definitions:

5          a.   All Class Members who were not paid at least minimum wage for all hours
6  worked (collectively **"Minimum Wage Subclass"**);

7          b.   All Class Members who were not accurately paid overtime for all overtime
8  hours worked (collectively **"Overtime Subclass"**):

9          c.   All Class Members who worked more than five (5) hours in a workday and
10 were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and
11 were not paid compensation of one hour premium wages at the employee's regular rate in lieu
12 thereof (hereinafter collectively referred to as the **"First Meal Period Subclass"**);

13         d.   All Class Members who worked more than three and a half hours in a
14 workday and were not authorized and permitted to take a net 10-minute rest period for every four
15 (4) hours or major fraction thereof worked per day and were not paid compensation of one hour
16 premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to
17 as the **"Rest Period Subclass"**);

18         e.   All Class Members who did not receive all owed wages at time of separation
19 or within 72 hours in the case of resignation (hereinafter collectively referred to as the **"Waiting**
20 **Time Subclass"**);

21         f.   All Class Members who were not provided with accurate and complete
22 itemized wage statements (hereinafter collectively referred to as the **"Inaccurate Wage Statement**
23 **Subclass"**);

24         g.   All Class Members who were employed by Defendants and subject to
25 Defendant's Unfair Business Practices (hereinafter collectively referred to as the **"Unfair Business**
26 **Practices Subclass"**).

27     56.   Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend
28 or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate,

- 9 -

1    or if it should be deemed necessary by the Court or to further divide the Class Members into

2    additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the

3    Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

4          57.    As set forth in further detail below, this action has been brought and may properly

5    be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure

6    because there is a well-defined community of interest in the litigation, and the proposed Class and

7    Subclasses are easily ascertainable through Defendants' records.

8            a.    <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that

9    joinder of all members of the Class and Subclasses would be unfeasible and impractical. The

10    membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the

11    Class is estimated to be hundreds of individuals. Accounting for employee turnover during the

12    relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants'

13    employment records would provide information as to the number and location of all Class

14    Members. Joinder of all members of the proposed Class is not practicable.

15            b.    The proposed class is easily ascertainable. The number and identity of the

16    class members are determinable from Defendants' payroll records and time records for each class

17    member.

18            c.    <u>Commonality</u>: There are common questions of law and fact as to the Class

19    and Subclasses that predominate over questions affecting only individual Class Members. These

20    common questions of law and fact include, without limitation:

21              1.   Whether Defendants accurately paid Class Members for all hours worked;

22              2.   Whether Defendants knew or should have known that Class Members were

23                  required to perform work off the clock;

24              6.   Whether Defendants had a policy and practice of providing lawful, timely

25                  meal periods in accordance with Labor Code § 512, as well as the applicable

26                  Industrial Welfare Commission ("IWC") wage order;

27

28

FIRST AMENDED COMPLAINT

7.   Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.   Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

9.   Whether Defendants required employees to remain on the premises during rest periods;

10. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

11. Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

12. Whether Defendants omitted required information from itemized wage statements;

13. Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

14. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

15. Whether Defendants' conduct was willful and/or reckless;

16. Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

17. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d.     Typicality: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All

- 11 -

1  members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to

2  provide lawful meal and rest periods, failure to provide accurate wage statements, failure to timely

3  pay wages at termination, failure to pay minimum wages, rounding practices, and failure to

4  accurately pay all wages earned including all owed premium, all due to Defendants' policies and

5  practices that affected each member of the Class and/or Subclasses similarly.  Further, Defendants

6  benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or

7  Subclasses.

8  　　　　　e.　　Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the

9  interests of each member of the Class and/or Subclasses with whom he has a well-defined

10  community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that

11  he has an obligation to make known to the Court any relationships, conflicts, or differences with

12  any member of the Class and/or Subclasses, and no such relationships or conflicts are currently

13  known to exist.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are

14  versed in the rules governing class action discovery, certification, litigation, and settlement and

15  experienced in handling such matters.  Other former and current employees of Defendants may also

16  serve as representatives of the Class and Subclasses if needed.

17  　　　　　f.　　Superiority:  The nature of this action makes the use of class action

18  adjudication superior to other methods.  A class action will achieve economies of time, effort,

19  judicial resources, and expense, which would not be achieved with separate lawsuits.  The

20  prosecution of separate actions by individual members of the Class and/or Subclasses would create

21  a risk of inconsistent and/or varying adjudications with respect to the individual members of the

22  Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and

23  resulting in the impairment of the rights of the members of the Class and/or Subclasses and the

24  disposition of their interests through actions to which they were not parties.  Thus, a class action is

25  superior to other available means for the fair and efficient adjudication of this controversy because

26  individual joinder of all Class Members is not practicable, and questions of law and fact common

27  to the Class predominate over any questions affecting only individual Class Members.  Each

28  member of the Class has been damaged and is entitled to recovery by reason of Defendants'

1  unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.
2  Class action treatment will allow those similarly situated persons to litigate their claims in the
3  manner that is most efficient and economical for both parties and the judicial system. Plaintiff is
4  unaware of any difficulties that are likely to be encountered in the management of this action that
5  would preclude its maintenance as a class action.

6      g.  Public Policy Considerations: Employers in the state of California violate
7  employment and labor laws every day. However, current employees are often afraid to assert their
8  rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
9  because they believe their former employers may damage their future endeavors through negative
10  references and/or other means. The nature of this action allows for the protection of current and
11  former employees' rights without fear of retaliation or damage. Additionally, the citizens of
12  California have a significant interest in ensuring employers comply with California's labor laws
13  and in ensuring those employers who do not are prevented from taking further advantage of their
14  employees.

15                    **CLASS ACTION CLAIMS**
16                    **FIRST CAUSE OF ACTION**
17                    **FAILURE TO PAY MINIMUM WAGES**
18                    **(By Plaintiff and the Class Against Defendants)**

19      58.  Plaintiff incorporates each and every allegation set forth in all of the foregoing
20  paragraphs as if fully set forth herein.

21      59.  Labor Code section 204 establishes the fundamental right of all employees in the
22  State of California to be paid wages, including minimum wage, straight time and overtime, in a
23  timely fashion for their work.

24      60.  Labor Code section 1194(a) provides that notwithstanding any agreement to work
25  for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime
26  compensation applicable to the employee is entitled to recover in a civil action the unpaid balance
27  of the full amount of this minimum wage or overtime compensation, including interest thereon,
28  reasonable attorney's fees, and costs of suit.

1    61.    Labor Code section 1197 provides: The minimum wage for employees fixed by the

2  commission or by any applicable state or local law, is the minimum wage to be paid to employees,

3  and the payment of a lower wage than the minimum so fixed is unlawful.

4    62.    Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer

5  than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC

6  Wage Order(s).

7    63.    The applicable wage orders and California Labor Code sections 1197 and 1182.12

8  establish the right of employees to be paid minimum wages for all hours worked, in amounts set by

9  state law.

10    64.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not

11  been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid

12  balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount

13  equal to the unpaid wages and interest accrued thereon.

14    65.    During all relevant periods, the California Labor Code and wage orders required that

15  Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all

16  hours worked.

17    66.    The IWC Wage Orders define "hours worked" as "the time during which an

18  employee is subject to the control of an employer, and includes all the time the employee is suffered

19  or permitted to work, whether or not required to do so."

20    67.    At all times relevant, Plaintiff and Class Members consistently worked hours for

21  which they were not paid because Defendants frequently required Plaintiff and the Class Members

22  to work off the clock.

23    68.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the

24  Class Members were working off the clock and that they should have been paid for this time.

25    69.    Defendant's policy and practice of not paying all minimum wages violates

26  California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the

27  applicable wage order 5-2001.

28    70.    Due to Defendants' violations of the California Labor Code and wage orders,

- 14 -

Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME OWED
### (By Plaintiff and the Class Against All Defendants)

71.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

72.     During all relevant periods, Defendant required Plaintiffs and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

73.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 5-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

74.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiffs and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate Plaintiffs and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

75.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered

1  or permitted to work, whether or not required to do so."

2      76.    At all times relevant, Plaintiffs and Class Members consistently worked hours for

3  which they were not paid because Plaintiffs and the Class Members were required to work off the

4  clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40)

5  hours in a workweek and should have been paid at the overtime rate.

6      77.    Plaintiffs are informed and believe that Defendants were aware that Plaintiffs and

7  the Class Members were working off the clock and that they should have been paid for this time.

8      78.    By way of further example, Plaintiffs and Class Members were required to do pre-

9  and/or post-shift activities while off the clock.  Defendants did not compensate Plaintiff and Class

10  Members for this time spent off the clock.

11      79.    In addition, upon information and belief, Defendants failed to incorporate all forms

12  of compensation, including without limitation differentials, service charges, commissions, and

13  incentives, into the regular rate for overtime purposes.

14      80.    As a result, Defendants failed to pay Plaintiff and the Class Members earned

15  overtime wages and such employees suffered damages as a result.

16      81.    Defendants knew or should have known Plaintiffs and the Class Members were

17  undercompensated as a result of these practices.

18      82.    Due to Defendant's violations of the California Labor Code, Plaintiff and the Class

19  members are entitled to recover from Defendants their unpaid overtime wages, reasonable

20  attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory

21  penalties, and liquidated damages.

22                    **THIRD CAUSE OF ACTION**

23              **FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

24        **(By Plaintiff and the Meal Period Subclasses Against All Defendants)**

25      83.    Plaintiff incorporates by reference and realleges each and every allegation contained

26  above, as though fully set forth herein.

27      84.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work

28  period of more than five (5) hours without providing a meal break of not less than thirty (30)

- 16 -

1  minutes in which the employee is relieved of all of his or her duties, except that when a work period
2  of not more than six (6) hours will complete the day's work the meal period may be waived by
3  mutual consent of the employer and employee.

4      85.    For the four (4) years preceding the filing of this lawsuit as properly tolled by
5  Emergency Rule 9, Defendants failed to provide Plaintiff and Class Members timely and
6  uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a
7  shift.

8      86.    As a consequence of Defendants' policies and practices, requirements, demands,
9  coverage and staffing, Plaintiff and the Class Members were often required to forego such meal
10 periods, take shortened meal periods, and/or commence their meal periods into and beyond the
11 sixth hour of their shifts.

12     87.    Upon information and belief, Plaintiff and the Class Members were not paid one
13 hour of pay at their regular rate for each day that a meal period was not lawfully provided.

14     88.    As a proximate result of the aforementioned violations, Plaintiff and the Class
15 Members have been damaged in an amount according to proof at time of trial.

16     89.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover
17 one (1) hour of premium pay for each day in which a meal period violation occurred. They are also
18 entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

19     90.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to
20 represent have been deprived of premium wages in amounts to be determined at trial, and are
21 entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,
22 under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code
23 section 3287.

24                          **FOURTH CAUSE OF ACTION**

25           **FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

26           **(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

27     91.    Plaintiff incorporates by reference and realleges each and every allegation contained
28 above, as though fully set forth herein.

                                   - 17 -

92.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

93.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

94.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

95.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, and frequent calls during rest periods.

96.     Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

97.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide

- 18 -

1   compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the

2   provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

3          98.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

4   represent have been deprived of premium wages in amounts to be determined at trial, and are

5   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

6   under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

7

8                           **FIFTH CAUSE OF ACTION**

9        **FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING**

10                           **EMPLOYMENT**

11           **(By Plaintiff and the Class Against All Defendants)**

12          99.    Plaintiff incorporates by reference and realleges each and every allegation contained

13   above, as though fully set forth herein.

14          100.    Labor Code section 204 requires that all wages are due and payable twice in each

15   calendar month.

16          101.    The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became

17   due and payable to each employee in each month that he or she was not provided with a meal period

18   or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

19          102.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due

20   under the Labor Code.

21          103.    Labor Code section 210 (a) provides that "In addition to, and entirely independent

22   and apart from, any other penalty provided in this article, every person who fails to pay the wages

23   of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and

24   1197.5, shall be subject to a penalty as follow:

25       (1) For any initial violation, one hundred dollars ($100) for each failure to pay each

26         employee.

27

28

1       (2) For each subsequent violation, or any willful or intentional violation, two hundred

2       dollars ($200) for each failure to pay each employee, plus 25 percent of the amount

3       unlawfully withheld.

4       103.   As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

5 represent have been deprived of wages in amounts to be determined at trial, and are entitled to

6 recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to

7 Labor Code § 210, 218.5, 218.6, 510, 1194.

8 **SIXTH CAUSE OF ACTION**

9 **FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

10 **(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

11       104.   Plaintiff incorporates by reference and realleges each and every allegation contained

12 above, as though fully set forth herein.

13       105.   Labor Code §§ 201 and 202 require Defendants to pay their employees all wages

14 due within seventy-two (72) hours of separation of employment.

15       106.   Section 203 of the Labor Code provides that if an employer willfully fails to timely

16 pay such wages the employer must, as a penalty, continue to pay the subject employee's wages

17 until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30

18 days of wages.

19       107.   Plaintiff and Class Members are entitled to compensation for all forms of wages

20 earned, including but not limited to minimum wages, overtime, and premium meal and rest period

21 compensation, but to date have not received such compensation, therefore entitling them to Labor

22 Code § 203 penalties.

23       108.   In addition, irrespective of any derivative violation, Defendants failed to timely pay

24 Plaintiff and, upon information and belief, other Class Members earned compensation at the time

25 of termination despite their obligations under Labor Code 201 and 202.

26       109.   More than thirty (30) days have passed since affected Waiting Time Subclass

27 Members have left Defendants' employ, and on information and belief, they have not received

28 payment pursuant to Labor Code § 203.

- 20 -

110.    Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**<u>KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED</u>**

**<u>EMPLOYEE WAGE STATEMENT PROVISIONS</u>**

**By Plaintiff and Wage Statement Subclass Against Defendants**

111.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

112.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

113.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

114.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees. On information and belief and based thereon, Defendants have

- 21 -

FIRST AMENDED COMPLAINT

1  knowingly and intentionally failed to comply with Labor Code section 1174, including by

2  implementing the policies and procedures and committing the violations alleged in the preceding

3  causes of action and herein. Defendants' failure to comply with Labor Code section 1174 is

4  unlawful pursuant to Labor Code section 1175.

5      115.    Defendants have failed to record many of the items delineated in applicable

6  Industrial Wage Orders and Labor Code section 226, and required under Labor Code section

7  1174, including by virtue of the fact that each wage statement which failed to accurately

8  compensate Plaintiff and Class Members for all hours worked and for missed and non-provided

9  meal and rest periods, or which failed to include compensation for all minimum wages earned or

10 overtime hours worked, was an inaccurate wage statement. In addition, the wage statements

11 inaccurately stated totals hours worked and hours worked at each hourly wage rate.

12      116.    On information and belief, Defendants failed to implement and preserve a lawful

13 record-keeping method to record all non-provided meal and rest periods owed to employees or all

14 hours worked, as required for Non-Exempt Employees under California Labor Code section 226

15 and applicable California Wage Orders. In order to determine if they had been paid the correct

16 amount and rate for all hours worked, Plaintiff and Class Members have been, would have been,

17 and are compelled to try to discover the required information missing from their wage statements

18 and to perform complex calculations in light of the inaccuracies and incompleteness of the wage

19 statements Defendants provided to them.

20      117.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC

21 Wage Orders, Defendants did not and still do not furnish each of the members of the Wage

22 Statement Class with an accurate itemized statement in writing accurately reflecting all of the

23 required information. Here, Plaintiff asserts the Defendant omitted required information, failed to

24 accurately include all applicable hourly rates on the wage statements and the corresponding

25 number of hours worked at such rates or hours paid at such rates. In addition, Defendants have

26 failed to provide accurate itemized wage statements as a consequence of the above-specified

27 violations for failure to accurately pay all wages owed, accurately record all hours worked, and

28 failure to pay meal and rest period premiums as required by law.

1    118.    Moreover, upon information and belief, as a pattern and practice, in violation of

2  Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain

3  accurate records pertaining to the total hours worked for Defendants by the members of the Wage

4  Statement Class, including but not limited to, beginning and ending of each work period, meal

5  period and split shift interval, the total daily hours worked, and the total hours worked per pay

6  period and applicable rates of pay.

7    119.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a

8  result of Defendants' failure to maintain accurate records for the members of the Wage Statement

9  Class in that the members of the Wage Statement Class were not timely provided written accurate

10  itemized statements showing all requisite information, such that the members of the Wage

11  Statement Class were misled by Defendants as to the correct information regarding various items,

12  including but not limited to total hours worked by the employee, net wages earned and all

13  applicable hourly rates in effect during the pay period and the corresponding number of hours

14  worked at each hourly rate.

15    120.    Pursuant to Labor Code section 226, and in light of Defendants' violations

16  addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up

17  to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

18                        **EIGHTH CAUSE OF ACTION**

19                **VIOLATION OF THE UNFAIR COMPETITION LAW**

20                **By Plaintiff and Class Against All Defendants**

21    121.    Plaintiff incorporates by reference and realleges each and every allegation contained

22  above, as though fully set forth herein.

23    122.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

24  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

25  general public. Plaintiff also seeks to enforce important rights affecting the public interest within

26  the meaning of the California Code of Civil Procedure § 1021.5.

27    123.    Defendants' policies, activities, and actions as alleged herein are violations of

28  California law and constitute unlawful business acts and practices in violation of California

- 23 -

FIRST AMENDED COMPLAINT

Business and Professions Code §§ 17200, *et seq.*

124.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

125.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.  By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, as well as failing to provide accurate itemized wage statement as specified above.

126.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

127.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

## NINTH CAUSE OF ACTION

## CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698 ET SEQ.

128.    Plaintiff incorporates by reference each and every paragraph above, and realleges each and every allegation contained above as though fully set forth herein.

129.    Plaintiff timely gave written notice by online submission to the LWDA and by certified mail to Defendants of Defendants' violations of numerous provisions of the California Labor Code and the IWC Wage Orders as alleged in this complaint.  All fees were paid as required by statute.

130.    Plaintiff is an "aggrieved employee" as defined in Labor Code Section 2699(A), as

- 24 -

1   he was employed by Defendants during the statutory period and suffered one or more of the

2   Labor Code violations set forth herein.  He seeks to recover of himself and all other current and

3   former aggrieved employees of Defendants the civil penalties provided by PAGA, plus

4   reasonable attorneys' fees and costs.  The "Aggrieved Employees" are a subset of the Class

5   Members.

6          131.    65 days have passed, and no response has been received from the LWDA.

7   Accordingly, the LWDA has permitted Plaintiff to proceed in a representative capacity.

8          132.    Plaintiff has exhausted all administrative procedures required of them under the

9   Labor Code §§2698, 2699, 2699.3, and as a result, is justified as a matter of right in bringing

10  forward this cause of action.

11         133.    Pursuant to Labor Code section 2699(a), Plaintiff seeks to recover civil penalties

12  for which Defendants are liable due to numerous Labor Code violations as set forth in this

13  Complaint.

14         134.    Plaintiff seeks to recover the PAGA civil penalties through a representative action

15  permitted by PAGA and the California Supreme Court in Arias v. Superior Court (2009) 46 Cal.

16  4th 969. Class certification of the PAGA claims is no required.

17         135.    Pursuant to Labor Code section 2698 et seq. and 2699(a), Plaintiff seeks to recover

18  civil penalties for which Defendants are liable due to numerous Labor Code and Wage Order

19  violations as set forth in this Complaint.

20         136.    Specifically, Plaintiff, on behalf of himself and the Aggrieved Employees, seek

21  penalties under Labor Code §2699, for, without limitation, the claims set forth herein, including:

22              a.  Defendants' failure to comply with the requirement of Labor Code §1182.12,

23                  1194, 1197, 1198, and Wage Orders to pay at least minimum wage for every

24                  hour worked;

25              b.  Defendants' failure to comply with the requirement of Labor Code §510, 1194,

26                  1197, 1198, and Wage Orders to accurately pay all wages earned including

27                  overtime wages;

28              c.  Defendants' failure to comply with the requirement of Labor code §216 to pay

- 25 -

FIRST AMENDED COMPLAINT

1    wages after demand was made;

d. Defendants' failure to comply with the requirement of Labor Code §§204 and 210 to pay, without condition and within the time set by the applicable article, all wages, or parts thereof;

e. Defendants' failure to comply with the requirement of Labor Code §225.5 to pay wages due;

f. Defendants' failure to comply with the requirement of Labor Code §§201 and 202 to pay wages due to former employees;

g. Defendants' failure to comply with the requirement of Labor Code §203 to pay waiting time penalties to former employees;

h. Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to authorize and permit ten (10) minute rest breaks;

i. Defendants' failure to comply with the requirement of Labor Code §§226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each statutorily required rest break that was not lawfully authorized and permitted;

j. Defendants' failure to comply with the requirement of Labor Code §226.7, 512, 1198, and IWC Wage Orders to provide timely, uninterrupted 30 minutes off duty meal periods;

k. Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each lawful meal break that was not provided;

l. Defendants' failure to provide accurate compliant wage statements under Labor Code section 226;

m. Defendants' failure to reimburse necessary expenses under Labor Code §2802;

n. Defendants' failure to pay sick leave at the proper rate in under Labor Code §246(l);

- 26 -

o. Defendants' failure to maintain required records in violation of Labor Code §226, 1174, and Wage Orders for the above-specified violations, and failure to maintain accurate clock in and out times;

137.   Plaintiff seeks civil penalties for Defendants' violation of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

a. Pursuant to Labor Code §210, for violations of Labor Code §204, Defendants are subject to a civil penalty in the amount of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred ($200) per employee for violations in subsequent pay periods plus 25% of the amount unlawfully withheld.

b. Pursuant to Labor Code §226.3, for violations of Labor Code §226(a) Defendants are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

c. Pursuant to Labor Code §558(a), "[a]ny employer or other person acting on behalf of an employer who violated, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violations for each underpaid employee for each pay period for which the employee was underpaid.

- 27 -

FIRST AMENDED COMPLAINT

1          d.  Pursuant to Labor Code §1197.1, an employer who pays or causes
2              to be paid to any employee a wage less than the minimum fixed by
3              an order of the commission, shall be subject to a civil penalty as
4              follows: for any initial violation that is intentionally committed, one
5              hundred dollars ($100) for each underpaid employee for each pay
6              period for which the employee is underpaid; and for each
7              subsequent violation of the same offense, two hundred fifty dollars
8              ($250) for each underpaid employee for each pay period for which
9              the employee is underpaid regardless of whether the initial violation
10             was intentionally committed.
11         e.  Pursuant to Labor Code § 1174.5, for violations of Labor Code
12             §1174(d), Defendants are subject to a civil penalty of five hundred
13             dollars ($500).

14     138.    Further, as a result of the acts alleged hereinabove, Plaintiff seeks penalties under
15 Labor Code §2698 et seq. and 2699 because of Defendants' violation of numerous provisions of
16 the California Labor Code and IWC Wage Orders.

17     139.    Under Labor Code §2699, Plaintiff and Aggrieved Employees are entitled to $100
18 for any initial violation and $200 for all subsequent violations of the above-mentioned provisions
19 of the California Labor Code.

20     140.    Under Labor Code §2699, Plaintiff and Aggrieved Employees should be awarded
21 twenty-five (25%) of all penalties due under California law, interest, attorneys' fees and costs.

22     141.    Under Labor Code §2699, the State of California should be awarded seventy-five
23 percent (75%) of the penalties due under California law.

24                          **PRAYER FOR RELIEF**

25     WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as
26 follows:

27                          **Class Certification**

28     1.    That this action be certified as a class action;

                              - 28 -

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representatives of the Subclasses; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay minimum wages)

1. For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to pay overtime)

1. For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Provide Lawful Meal Periods)

1. For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1.    For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

(Failure to Timely Pay Wages Due and Payable During Employment)

1.    For unpaid wages;

2.    For penalties pursuant to Labor Code § 210 and 25% of the amount of wages unlawfully withheld;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to Timely Pay Wages At Separation)

6.    For unpaid wages;

7.    For penalties pursuant to Labor Code § 203;

8.    For interest;

9.    For reasonable attorneys' fees and costs pursuant to statute; and

10.    For such other and further relief as the Court deems proper.

**On the Seventh Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

FIRST AMENDED COMPLAINT

1

**On the Eighth Cause of Action**

2

(Violation of the Unfair Competition Law)

3       1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

4   sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, regular

5   wages, and for premium wages for meal and rest periods that were not provided to Plaintiff and

6   Class Members over the last four (4) years in an amount according to proof;

7       2.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

8   recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197,

9   1198 ;

10      3.    For pre-judgment interest on any unpaid minimum, regular and overtime wages due

11  from the day that such amounts were due;

12      4.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to

13  recover under the Labor Code; and

14      5.    For such other and further relief as the Court deems proper.

15

**On the Ninth Cause of Action**

16

(Penalties Under the Private Attorney Generals Act, Labor Code section 2698 et seq.)

17      1.  For penalties according to proof, pursuant to Labor Code §§ 2698 et seq. for the

18          violations specified above;

19      2.  For penalties under Labor Code sections 210, 226.3, 1174.5, 1197.1, and 2699(a) and

20          (f);

21      3.  For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California

22          Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-

23          judgment interest;

24      4.  For reasonable attorneys' fees, expenses, and costs under Labor Code §§1194, 226,

25          2699, and/or Code of Civil Procedure §1021.5, and/or any other applicable provisions

26          providing for attorneys' fees and costs; and

27      5.  For such other and further relief as the Court deems proper.

28

FIRST AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this

3  matter to the fullest extent available under the law.

4                                    Respectfully submitted,

5
   Dated:   March 22, 2023

6                                    JAMES HAWKINS, APLC
                                     James R. Hawkins, Esq.
7                                    Christina M. Lucio, Esq.

8                                    Attorneys for CARLOS CALDERON GRANADOS, on
9                                    behalf of himself and all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**PROOF OF SERVICE, COUNTY OF ORANGE**</u>

I am a resident of the State of California, County of Orange. I am over the age of eighteen years and not a party to the within action. My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On March 23, 2023, I served on the interested parties in this action the following document(s) entitled:

**STIPULATION RE: CONOLIDATION OF CLASS AND PRIVATE ATTORNEYS GENERAL ACT ACTION**

**[XX] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[XX] COURTESY ELECTRONIC SERVICE:** Based on a court Order or an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the email address jocelyn@jameshawkinsaplc.com to the persons at the e-mail addresses listed in the Service List below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

<u>**SERVICE LIST**</u>
please see attached page

**[X] STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on March 23, 2023, at Irvine, California.

JOCELYN MATEO

1 | SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
2 | bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
3 | Los Angeles, California 90017-5793
Telephone: (213) 270-9600
4 | Facsimile: (213) 270-9601

5

6 | SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
7 | mafar@seyfarth.com
2029 Century Park East, Suite 3500
8 | Los Angeles, California 90067
Telephone: (310) 277-7200
9 | Facsimile: (310) 201-5219

10

11 | SEYFARTH SHAW LLP
Phillip J. Ebsworth (SBN 311026)
12 | pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
13 | Sacramento, California 95814
Telephone: (916) 448-0159
14 | Facsimile: (916) 558-4839

15 | *Attorneys for Defendant*
*HYATT CORPORATION dba*
16 | *ALILA MAREA BEACH RESORT ENCINITAS*

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7060 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Carlos Calderon Granados

DEFENDANT(S)/RESPONDENT(S): Hyatt Corporation

Short Title: Granados vs Hyatt Corporation [EFILE]

| **NOTICE OF HEARING** | CASE NUMBER: |
|---|---|
| | 37-2022-00032206-CU-OE-CTL |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.
All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/07/2023 | 10:00 am | C-60 | Matthew C. Braner |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Counsel/Plaintiff in pro per: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.
A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).
All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| | |
|---|---|
| **SHORT TITLE:** Granados vs Hyatt Corporation [EFILE] | |

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2022-00032206-CU-OE-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 04/10/2023. The mailing occurred at Gardena, California on 04/11/2023.

Clerk of the Court, by:  B. Delgado _____ , Deputy

JAMES R HAWKINS
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

CHRISTINA M LUCIO
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

PHILLIP J EBSWORTH
400 CAPITOL MALL AVENUE # SUITE 2350
SACRAMENTO, CA 95814

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,**
COUNTY OF SAN DIEGO
HALL OF JUSTICE
TENTATIVE RULINGS - April 06, 2023

EVENT DATE: 04/07/2023          EVENT TIME:   09:00:00 AM          DEPT.: C-60

JUDICIAL OFFICER:Matthew C. Braner


CASE NO.:      37-2022-00032206-CU-OE-CTL

CASE TITLE:  GRANADOS VS HYATT CORPORATION [EFILE]


CASE CATEGORY:  Civil - Unlimited          CASE TYPE:  Other employment


EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:
_____

The motion to consolidate is off calendar as no motion papers were filed.

The court will hear from the parties on the status of the case, including the status of the related federal district court case (case no. 4:20-cv-00295-HSG).

**SUPERIOR COURT OF CALIFORNIA,**
COUNTY OF SAN DIEGO
HALL OF JUSTICE
TENTATIVE RULINGS - April 06, 2023

EVENT DATE: 04/07/2023        EVENT TIME:   09:00:00 AM        DEPT.: C-60

JUDICIAL OFFICER:Matthew C. Braner


CASE NO.:     37-2022-00032206-CU-OE-CTL

CASE TITLE: GRANADOS VS HYATT CORPORATION [EFILE]


CASE CATEGORY:  Civil - Unlimited          CASE TYPE:  Other employment


EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

The motion to consolidate is off calendar as no motion papers were filed.

The court will hear from the parties on the status of the case, including the status of the related federal district court case (case no. 4:20-cv-00295-HSG).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7060 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Carlos Calderon Granados

DEFENDANT(S)/RESPONDENT(S): Hyatt Corporation

Short Title: Granados vs Hyatt Corporation [EFILE]

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.

All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/07/2023 | 10:00 am | C-60 | Matthew C. Braner |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Counsel/Plaintiff in pro per: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.
A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).
All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| | |
|---|---|
| **SHORT TITLE:** Granados vs Hyatt Corporation [EFILE] | |

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2022-00032206-CU-OE-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 04/10/2023. The mailing occurred at Gardena, California on 04/11/2023.

Clerk of the Court, by: _____ , Deputy
B. Delgado

JAMES R HAWKINS
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

CHRISTINA M LUCIO
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

PHILLIP J EBSWORTH
400 CAPITOL MALL AVENUE # SUITE 2350
SACRAMENTO, CA 95814

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 04/07/2023                    TIME: 09:00:00 AM          DEPT:  C-60

JUDICIAL OFFICER PRESIDING: Matthew C. Braner
CLERK:  Blanca Delgado
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  Z. Patterson

CASE NO: **37-2022-00032206-CU-OE-CTL**  CASE INIT.DATE: 08/11/2022
CASE TITLE: **Granados vs Hyatt Corporation [EFILE]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**EVENT TYPE**: Motion Hearing (Civil)

---

**EVENT TYPE**: Status Conference (Civil)

---

**APPEARANCES**
Paul Brown, counsel, present for Plaintiff(s) via remote video conference.
Michael Afar, counsel, present for Defendant(s) via remote video conference.

---

This being the time set for oral argument on the above-entitled motion(s), the Court issued its tentative ruling on April 06, 2023,

The Court CONFIRMS the tentative ruling as follows:

The motion to consolidate is off calendar as no motion papers were filed.

The court will hear from the parties on the status of the case, including the status of the related federal district court case (case no. 4:20-cv-00295-HSG).

The Court, having heard the status of the case from counsel and having reviewed the proposed stipulation, signs the E-Filed *Stipulation Re: Consolidation of Class Action and Private Attorneys General Act Action* (Trans. #21628382), and instructs the clerk to process forthwith.

The Court sets a Case Management Conference to date noted below.

The Civil Case Management Conference is scheduled for 07/07/2023 at 10:00AM before Judge Matthew C. Braner.

IMPORTANT: Prior to your hearing date, please check the Court's website for the most current

---

CASE TITLE: Granados vs Hyatt Corporation [EFILE]          CASE NO: **37-2022-00032206-CU-OE-CTL**

instructions regarding how to appear for your hearing and access services that are available to answer your questions.  http://www.sdcourt.ca.gov/coronavirus

_____

Judge Matthew C. Braner

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James R. Hawkins (SBN 192925); Christina M. Lucio (SBN 253677)<br>9880 Research Drive, Suite 200<br>Irvine, California 92618<br>TELEPHONE NO.: (949) 387-7200    FAX NO. *(Optional):* (949) 387-6676<br>E-MAIL ADDRESS *(Optional):* christina@jameshawkinsaplc.com<br>ATTORNEY FOR *(Name):* Plaintiff: Carlos Calderon Granados | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Carlos Calderon Granados

DEFENDANT/RESPONDENT: Hyatt Corporation

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>    (Amount demanded      (Amount demanded is $25,000<br>    exceeds $25,000)      or less) | 37-2022-00032206-CU-OE-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 7, 2023        Time: 9:00a.m.    Dept: C-60    Div.:        Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone,** by *(name):* Christina M. Lucio or Paul Brown

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff: Carlos Calderon Granados
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* August 11, 2022
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint    *(Describe, including causes of action):*

      Putative class action alleging Minimum Wage and Overtime violations, Meal and Rest Period violations, Itemized Wage Statement violations, and failure to timely pay during employment and at termination, UCL

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

4. b.    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff and Class Members allege Defendant's failure to: 1) pay minimum wages; 2) pay overtime wages; 3) provide lawful meal periods; 4) authorize and permit rest periods; 5) timely pay wages during and after employment; 6) comply with itemized wage statement provisions; and 7) for violation of unfair competition law. Seeks unpaid wages, damages, penalties, premiums, liquidated damages and other sums.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.    **Jury or nonjury trial**
The party or parties request ☑ a jury trial. ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.    **Trial date**
a.    ☐ The trial has been set for *(date):*
b.    ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.    **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.    ☑ days *(specify number):* 5 to 8
b.    ☐ hours (short causes) *(specify):*

8.    **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.    Attorney:
b.    Firm:
c.    Address:
d.    Telephone number:
e.    E-mail address:
f.    Fax number:
g.    Party represented:
☐ Additional representation is described in Attachment 8.

9.    **Preference**
☐ This case is entitled to preference *(specify code section):*

10.    **Alternative dispute resolution (ADR)**
a.    **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)    For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)    For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.    **Referral to judicial arbitration or civil action mediation** (if available).

(1)    ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

## 11. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

## 12. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:

Status:

## 13. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case: Granados v. Hyatt Corporation (PAGA Action)
    (2) Name of court: San Diego County Superior Court
    (3) Case number: 37-2022-00041892-CU-OE-CTL
    (4) Status: Pending (stipulation seeking consolidation filed)
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

## 14. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

## 15. Other motions
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Plaintiff will file a motion for class certification.

## 16. Discovery
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions (Corporate) | Per Code |
| Plaintiff | Depositions (Percipient) | Per Code |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | Carlos Calderon Granados | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

17. **Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

    On March 13, 2023, Defendant filed a Motion for Consolidation of the present action with the related PAGA Action (mentioned above, in Section 13). The Parties filed a stipulation re consolidation on March 23, 2023 and submitted an amended complaint.

19. **Meet and confer**
    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 24, 2023

Christina M. Lucio, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

PROOF OF SERVICE COUNTY OF ORANGE

1

2   I am employed in the County of Orange, State of California. I am over the age of
eighteen and not a party to the within action. My business address is 9880 Research Drive, Suite
3   200, Irvine, CA 92618.

4   On March 24, 2023, I served on the interested parties in this action the following
Document entitled:

5

• **CASE MANAGEMENT STATEMENT**

6

7   [XX] by placing [ ] the original [XX] a true copy thereof enclosed in a sealed envelope
addressed as follows:

8

SEE ATTACHED SERVICE LIST

9

10   [XX]   BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List above and placed the envelope for
11   collection and mailing, following our ordinary business practices. I am readily familiar
with the firm's practice for collecting and processing correspondence for mailing. On the
12   same day that the correspondence is placed for collection and mailing, it is deposited in
the ordinary course of business with the United States Postal Service, in a sealed
13   envelope with postage fully prepaid.

14

15   [XX]   COURTESY ELECTRONIC SERVICE: the parties listed were served electronically
with courtesy copies of the document(s) listed above by e-mailed PDF files. The
16   document(s) were sent from the email address irma@jameshawkinsaplc.com.
17   [XX]   STATE: I declare under penalty of perjury, under the laws of the State of California,

18   that the above is true and correct.

19   Executed on March 24, 2023, at Irvine, California. mia.

20

21   _____
Irma Ceja

22

23

24

25

26

27

28

- 1 -

SERVICE LIST

1

2   Brian P. Long, Esq.
    SEYFARTH SHAW LLP
3   601 South Figueroa St., Suite 3300
    Los Angeles, CA  90017-5793
4   bplong@seyfarth.com
    Tel: 213.270.9600
5   Fax: 213.270.9601

6
    Michael Afar, Esq.
7   SEYFARTH SHAW LLP
    2029 Century Park east, Suite 3500
8   Los Angeles, CA  90067
9   Tel: 310.277.7200
    Fax: 310.201.5219
10  mafar@seyfarth.com
    Tel: 310.277.7200
11  Fax: 310.201.5219
12  mafar@seyfarth.com

13
    Phillip J. Ebsworth, Esq.
14  SEYFARTH SHAW, LLP
    400 Capitol Mall, Suite 2350
15  Sacramento, CA  95814
    Tel: 916.448.0159
16  Fax: 916.558.4839
17  pebsworth@seyfarth.com

18  Attorneys for Defendant
    HYATT CORPORATION dba ALILA
19  MAREA BEACH RESORTS ENCINITAS

20

21

22

23

24

25

26

27

28

- 1 -

PROOF OF SERVICE

| | |
|---|---|
| 1 | JAMES HAWKINS APLC |
| | James R. Hawkins (SBN 192925) |
| 2 | James@Jameshawkinsaplc.com |
| | Christina M. Lucio (SBN 253677) |
| 3 | Christina@Jameshawkinsaplc.com |
| | 9880 Research Drive, Suite 200 |
| 4 | Irvine, California 92618 |
| | Telephone: (949) 387-7200 |
| 5 | Facsimile: (949) 387-6676 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/23/2023** at 05:20:00 PM

Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

6    Attorneys for Plaintiff CARLOS CALDERON GRANADOS,
     On behalf of himself and all others similarly situated

7

8    [*Additional Counsel on the Following Page.*]

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SAN DIEGO

11

| | | |
|---|---|---|
| 12 | CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| 13 | | [Hon. Matthew C. Braner, Dept. C-60] |
| 14 | Plaintiff, | **STIPULATION RE: CONSOLIDATION OF CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT ACTION** |
| 15 | v. | |
| 16 | HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | Complaint Filed:      August 11, 2022 |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |

20

21

22

23

24

25

26

27

28

---

STIPULATION RE: CONSOLIDATION

1   SEYFARTH SHAW LLP
    Brian P. Long (SBN 232746)
2   bplong@seyfarth.com
    601 South Figueroa Street, Suite 3300
3   Los Angeles, California 90017-5793
    Telephone:     (213) 270-9600
4   Facsimile:     (213) 270-9601

5   SEYFARTH SHAW LLP
    Michael Afar (SBN 298990)
6   mafar@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067
    Telephone:     (310) 277-7200
8   Facsimile:     (310) 201-5219

9   SEYFARTH SHAW LLP
    Phillip J. Ebsworth (SBN 311026)
10  pebsworth@seyfarth.com
    400 Capitol Mall, Suite 2300
11  Sacramento, California 95814
    Telephone:     (916) 448-0159
12  Facsimile:     (916) 558-4839

13  Attorneys for Defendant
    HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: CONSOLIDATION

1    Plaintiff Carlos Calderon Granados and Defendant Hyatt Corporation hereby submit this

2  stipulation and proposed order to consolidate the class action and the Private Attorneys General Act,

3  Labor Code section 2698 *et seq.*, action based upon the following facts:

4    1.    On August 11, 2022, Plaintiff Granados filed a putative wage and hour class action

5  against Defendant Hyatt in the Superior Court of the State of California, County of San Diego, Case No.

6  37-2022-00032206-CU-OE-CTL (the "Class Action"). The Class Action seeks damages, penalties and

7  attorneys' fees, expenses, and costs for alleged (1) failure to pay minimum wages, (2) failure to

8  accurately pay overtime, (3) failure to provide compliant meal and rest periods, (4) failure to timely pay

9  wages during employment, (5) failure to timely pay wages owed at separation, (6) inaccurate wage

10  statements, and (7) violation of unfair competition law.

11    2.    On October 18, 2022, Plaintiff Granados filed an action seeking civil penalties under

12  Labor Code section 2698 *et seq*. against Defendant Hyatt in the Superior Court of the State of

13  California, County of San Diego, Case No. 37-2022-00041892-CU-OE-CTL (the "PAGA Action").  The

14  PAGA action seeks civil penalties for Defendants' alleged violations of the California Labor Code,

15  including: (1) failure to pay minimum wages; (2) failure to accurately pay overtime, (3) failure to

16  provide compliant meal periods, (4) failure to provide compliant rest periods, (5) failure to timely pay

17  wages during employment, (6) failure to timely pay wages owed at separation, (7) inaccurate wage

18  statements, (8) failure to maintain accurate records, and (9) failure to pay sick leave at the proper rate.

19    3.    The Parties have met and conferred and have determined that the Class Action and the

20  PAGA Action should be consolidated before this Court into the lower-numbered Class Action. The

21  Parties agree that the two actions shall be consolidated for all purposes, including trial. To that end, the

22  Parties further agree that Plaintiff shall file an amended complaint consolidating the two actions. A true

23  and correct copy of Plaintiff's [Proposed] First Amended Complaint is attached hereto as **Exhibit A**.

24    4.    Subject to the Court's Order, the Parties further agree that Plaintiff's First Amended

25  Complaint will be filed within 10 days of the Court's entry of an Order granting leave for such filing.

26  Defendant shall have 30 days from the filing of the First Amended Complaint to file its responsive

27  pleading.

28  ///

STIPULATION RE: CONSOLIDATION

5.      ACCORDINGLY, it is hereby STIPULATED AND AGREED that the Class Action and the PAGA Action shall be consolidated before this Court into the lower-numbered Class Action for all purposes, including trial.

DATED: March 23, 2023                    JAMES HAWKINS APLC

By: _____
James R. Hawkins
Christina M. Lucio
Attorneys for Plaintiff
CARLOS CALDERON GRANADOS

DATED: March 23, 2023                    SEYFARTH SHAW LLP

By: _____
Brian P. Long
Michael Afar
Phillip J. Ebsworth
Attorneys for Defendants
HYATT CORPORATION

1                      **[PROPOSED] ORDER**

2         The Court, having reviewed the Stipulation regarding Consolidation and good cause appearing,

3   **IT IS HEREBY ORDERED THAT**:

4       1.   The above-entitled action, Case No. 37-2022-00032206-CU-OE-CTL, and the action

5            entitled, *Granados v. Hyatt Corporation*, Case No. 37-2022-00041892-CU-OE-CTL, are

6            consolidated for all purposes, including trial. All future filings shall be made in Case No. 37-

7            2022-00032206-CU-OE-CTL;

8       2. The Clerk of the Court is ordered to administratively close Case No. 37-2022-00041892-CU-

9            OE-CTL;

10      3. Plaintiff's First Amended Complaint is to be filed within 10 days of this Order;

11      4. Defendant shall file its responsive pleading within 30 days from the filing of the First

12           Amended Complaint.

13     **IT IS SO ORDERED**

14

15   DATED: 4/2/23

16

17                                    Honorable Matthew C. Braner
                                    Judge of the Superior Court

18

19

20

21

22

23

24

25

26

27

28

93247843v.1

**EXHIBIT A**

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff CARLOS CALDERON GRANADOS,
on behalf of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| | **COMPLAINT** |
| Plaintiff, | *Assigned for All Purposes To:* Hon. Matthew C. Braner, Dept. C-60 |
| v. | |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| Defendants. | 1) **Failure to Pay Minimum Wages;** |
| | 2) **Failure to Accurately Pay Overtime Wages;** |
| | 3) **Failure to Provide Lawful Meal Periods;** |
| | 4) **Failure To Authorize And Permit Rest Periods;** |
| | 5) **Failure to Timely Pay Wages During Employment** |
| | 6) **Failure to Timely Pay Wages Owed Upon Separation From Employment;** |
| | 7) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |
| | 8) **Violation of the Unfair Competition Law;** |
| | 9) **Penalties Under the Private Attorney Generals Act, Labor Code section 2698 et seq.** |

1

**DEMAND FOR JURY TRIAL**

2

3      COMES NOW, Plaintiff CARLOS CALDERON GRANADOS ("Plaintiff"), individually

4   and on behalf of others similarly situated, and asserts claims against defendants HYATT

5   CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive (collectively "Defendants"

6   or "Hyatt") as follows:

7                                    **INTRODUCTION**

8      1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382,

9   on behalf of Plaintiff and any and all persons who are or were employed by Defendants at the Alila

10  Marea Beach Resort Encinitas, either directly or indirectly, in the State of California at any time

11  from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class

12  Members" or "Non-Exempt Employees".)

13     2.      Defendants implemented uniform policies and practices that deprived Plaintiff and

14  Class Members of earned wages, including minimum wages; straight time wages; overtime;

15  premium wages; lawful meal and/or rest breaks; and timely payment of wages.

16     3.      Such actions and policies, as described above and further herein, were and continue

17  to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class

18  members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203,

19  204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2,

20  1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations,

21  Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation,

22  penalties, liquidated damages, and reasonable attorneys' fees and costs.

23     4.      Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and

24  Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to

25  pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages.

26     5.      This is also a representative action arising under the Private Attorneys General Act,

27  Labor Code section 2698 et seq.  Plaintiff brings this action pursuant to the PAGA on a

28  representative basis on behalf of all non-exempt employees, who are or were employed, directly or

- 1 -

1  indirectly, by Defendants at the Alila Marea Beach Resort from one year prior to the filing of the
2  PAGA notice to the conclusion of this action.

3          6.      Plaintiff seeks civil penalties for Defendants' violation of various provisions of the
4  California Labor Code and IWC Wage Order.  Defendants' violations include: (1) failure to pay
5  minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4)
6  failure to authorize and permit rest periods; (5) failure to timely pay wages due and payable during
7  employment; (6) failure to time pay wages upon separation; (7) failure to reimburse necessary
8  expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions;
9  (9) failure to maintain timekeeping and payroll records; and (10) failure to properly pay sick leave.

10                              **JURISDICTION AND VENUE**

11         7.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated
12  employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary
13  damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the
14  California Superior Court and will be established according to proof at trial.

15         8.      This Court has jurisdiction over this action pursuant to the California Constitution
16  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except
17  those given by statute to other courts.  The statutes under which this action is brought do not give
18  jurisdiction to any other court.

19         9.      This Court has jurisdiction over this Action pursuant to California Code of Civil
20  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

21         10.     This Court has jurisdiction over Defendants because, upon information and belief,
22  each Defendant is either a resident of California, has sufficient minimum contacts in California, or
23  otherwise intentionally avails itself of the California market so as to render the exercise of
24  jurisdiction over them by the California Courts consistent with traditional notions of fair play and
25  substantial justice.  Defendants have done and are doing business throughout California and San
26  Diego County.

27         11.     The unlawful acts alleged herein have a direct effect on Plaintiff and the other
28  similarly situated Non-Exempt Employees within San Diego County and it is believed that

Defendants have employed hundreds of Class Members as Non-Exempt Employees in San Diego County.

12.     The California Superior Court also has jurisdiction in this matter because the individual claims of the Class Members described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

13.     Venue is proper in this Court because one or more of the Defendants reside, transact business, or have offices in this County, Plaintiff is a resident of this County, and the acts or omissions alleged herein took place in this County.

## PARTIES

14.     Defendant Hyatt Corporation is a Delaware Corporation doing business in the state of California as Alila Marea Beach Resort Encinitas.  It is based at 150 North Riverside Plaza, Chicago, IL 60606.

15.     Upon information and belief, Hyatt employs Non-Exempt Employees, like Plaintiff, in the State of California.

16.     Plaintiff Carlos Calderon Granados is and during the liability period has been, a resident of California.

17.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

18.     Plaintiff and the members of the putative class were employed as hourly paid employees employed by Defendants, either directly or indirectly, at the Alila Marea Beach Resort in the State of California at any time from four years prior to the filing of this Complaint.

19.     Whenever in this complaint reference is made to any act, deed, or conduct of

Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

20.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

21.    Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

22.    Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

**FACTUAL ALLEGATIONS**

23.    During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

24.    Plaintiff and the Class Members were, and at all times pertinent hereto, have been

non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  They are subject to the protections of the IWC Wage Orders and the Labor Code.

25.    During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position.  He worked as a Massage Therapist in Defendants' facilities approximately 5 days per week, 8-25 hours per week.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

27.    All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

28.    Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts. Plaintiff and the Class Members were not paid for all hours worked because employees were required to work off the clock, including for preparatory and post shift functions, and during purported meal periods.

29.    In addition, Plaintiff and Aggrieved Employees were not compensated for all hours worked because Defendants had an auto-deduct policy that resulted in 30-minutes of Plaintiff and Aggrieved Employees hours worked being deducted, regardless if a legally compliant meal period was provided.

30.    In addition, upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including differentials, commissions, service charges, and incentives.

31.    Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period as required by law.

32.    Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal

1   periods as required by law.

2       33.    Defendants failed to provide meal periods on shifts up to six hours without a valid

3   waiver.

4       34.    Despite the above-mentioned meal period violations, Defendants failed to

5   compensate Plaintiff, and on information and belief, failed to compensate Class Members, one

6   additional hour of pay at their regular rate as required by California law when meal periods were

7   not timely or lawfully provided in a compliant manner.

8       35.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,

9   should know, knew, and/or should have known that Plaintiff and the other Class Members were

10   entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving

11   accurately calculated compensation.

12       36.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt

13   Employees were systematically not authorized and permitted to take one net ten-minute paid, rest

14   period for every four hours worked or major fraction thereof, which is a violation of the Labor

15   Code and IWC wage order.

16       37.    Defendants maintained and enforced scheduling practices, policies, and imposed

17   work demands that frequently required Plaintiff and Class Members to forego their lawful, paid

18   rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such

19   requisite rest periods were not timely authorized and permitted.

20       38.    Despite the above-mentioned rest period violations, Defendants did not

21   compensate Plaintiff, and on information and belief, did not pay Class Members one additional

22   hour of pay at their regular rate as required by California law, including Labor Code section 226.7

23   and the applicable IWC wage order, for each day on which lawful rest periods were not

24   authorized and permitted.

25       39.    Defendants also failed to provide accurate, lawful itemized wage statements to

26   Plaintiff and the Class Members in part because of the above specified violations.

27       40.    Defendants have also made it difficult to determine applicable rates of pay and

28   account with precision for the unlawfully withheld wages and deductions due to be paid to Non-

- 6 -

exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

41.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Class Members for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

42.    Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

43.    In addition to the above-specified violations, Plaintiff alleges that Defendants are liable for penalties under PAGA for their failure to maintain accurate records and failure to pay sick leave.

44.    The IWC wage orders, Labor Code Sections 226(a), 1174, and 1174.5 require that the Defendant keep accurate payroll and timekeeping information.

45.    The IWC Wage Orders required in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal Periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rate of pay…"

46.    Labor Code section 1174 also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by and the wages paid to, its employees.

47.    On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor code section 1174, including by implementing the policies and procedures and committing the violations alleged above, including without limitation failing to keep records of meal periods and all wages earned at the proper rates.

48.    Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

49.    Labor Code 246(i) provides: An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified.

50.    Labor Code section 246(l) provides: "For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations: (1) Paid sick leave for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek. (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

51.    In this case, Plaintiff alleges that Defendants failed to pay sick leave at the proper rate because it failed to take all forms of compensation, including incentives, and other wages into account in calculating the regular rate.  This constitutes a violation of Labor Code.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

53.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

54.    The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendants as hourly paid, non-exempt workers at the Alila Marea Beach Resort Encinitas in the State of California at any time from four years prior to the filing of**

1  **this action through resolution or trial of the matter.**   (hereinafter collectively referred to as the

2  "Class" or "Class Members").

3      55.    Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which

4  are composed of Class Members satisfying the following definitions:

5          a.    All Class Members who were not paid at least minimum wage for all hours

6  worked (collectively **"Minimum Wage Subclass"**);

7          b.    All Class Members who were not accurately paid overtime for all overtime

8  hours worked (collectively **"Overtime Subclass"**);

9          c.    All Class Members who worked more than five (5) hours in a workday and

10  were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and

11  were not paid compensation of one hour premium wages at the employee's regular rate in lieu

12  thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

13          d.    All Class Members who worked more than three and a half hours in a

14  workday and were not authorized and permitted to take a net 10-minute rest period for every four

15  (4) hours or major fraction thereof worked per day and were not paid compensation of one hour

16  premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to

17  as the "**Rest Period Subclass");**

18          e.    All Class Members who did not receive all owed wages at time of separation

19  or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting**

20  **Time Subclass**");

21          f.    All Class Members who were not provided with accurate and complete

22  itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement**

23  **Subclass**");

24          g.    All Class Members who were employed by Defendants and subject to

25  Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business**

26  **Practices Subclass**").

27      56.    Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend

28  or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate,

- 9 -

1  or if it should be deemed necessary by the Court or to further divide the Class Members into

2  additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the

3  Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

4      57.    As set forth in further detail below, this action has been brought and may properly

5  be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure

6  because there is a well-defined community of interest in the litigation, and the proposed Class and

7  Subclasses are easily ascertainable through Defendants' records.

8          a.    <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous that

9  joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The

10 membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the

11 Class is estimated to be hundreds of individuals.  Accounting for employee turnover during the

12 relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants'

13 employment records would provide information as to the number and location of all Class

14 Members.  Joinder of all members of the proposed Class is not practicable.

15         b.    The proposed class is easily ascertainable. The number and identity of the

16 class members are determinable from Defendants' payroll records and time records for each class

17 member.

18         c.    <u>Commonality</u>:  There are common questions of law and fact as to the Class

19 and Subclasses that predominate over questions affecting only individual Class Members.  These

20 common questions of law and fact include, without limitation:

21              1.  Whether Defendants accurately paid Class Members for all hours worked;

22              2.  Whether Defendants knew or should have known that Class Members were

23                  required to perform work off the clock;

24              6.  Whether Defendants had a policy and practice of providing lawful, timely

25                  meal periods in accordance with Labor Code § 512, as well as the applicable

26                  Industrial Welfare Commission ("IWC") wage order;

27

28

- 10 -

FIRST AMENDED COMPLAINT

1          7.    Whether Defendants had a policy and practice of complying with Labor

2                Code section 226.7 and IWC Wage Order on each instance that a lawful,

3                timely 30-minute uninterrupted meal period was not provided;

4          8.    Whether Defendants failed to authorize and permit a lawful, net 10-minute

5 rest period to the Class Members for every four (4) hours or major fraction thereof worked;

6          9.    Whether Defendants required employees to remain on the premises during

7 rest periods;

8          10. Whether Defendants had a policy and practice of complying with Labor

9 Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not

10 provided;

11          11. Whether Defendants failed to timely pay all wages upon separation in

12 accordance with Labor Code sections 201-202;

13          12.  Whether Defendants omitted required information from itemized wage

14 statements;

15          13.  Whether Defendants failed to maintain accurate records of Class Members'

16 earned wages, work periods, meal periods and deductions;

17          14.  Whether Defendants engaged in unfair competition in violation of section

18 17200 et seq. of the Business and Professions Code;

19          15.  Whether Defendants' conduct was willful and/or reckless;

20          16.  Whether Defendants failed to provide accurate itemized wage statements in

21 violation of Labor Code § 226; and

22          17.  The appropriate amount of damages, restitution, and/or monetary penalties

23 resulting from Defendants' violations of California law.

24        d.     <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect

25 the interests of each member of the Class and Subclasses with whom he has a well-defined

26 community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be

27 alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief

28 which would be sought by each member of the Class and/or Subclasses in separate actions. All

FIRST AMENDED COMPLAINT

members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, rounding practices, and failure to accurately pay all wages earned including all owed premium, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e.    Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.    Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants'

unlawful policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.  Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Class Against Defendants)**

58.  Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59.  Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

60.  Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61.    Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

62.    Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

63.    The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

64.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

65.    During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

66.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.    At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

68.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

69.    Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 5-2001.

70.    Due to Defendants' violations of the California Labor Code and wage orders,

Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME OWED
### (By Plaintiff and the Class Against All Defendants)

71.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

72.    During all relevant periods, Defendant required Plaintiffs and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

73.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 5-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

74.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiffs and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate Plaintiffs and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

75.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered

FIRST AMENDED COMPLAINT

1    or permitted to work, whether or not required to do so."

2         76.    At all times relevant, Plaintiffs and Class Members consistently worked hours for

3    which they were not paid because Plaintiffs and the Class Members were required to work off the

4    clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40)

5    hours in a workweek and should have been paid at the overtime rate.

6         77.    Plaintiffs are informed and believe that Defendants were aware that Plaintiffs and

7    the Class Members were working off the clock and that they should have been paid for this time.

8         78.    By way of further example, Plaintiffs and Class Members were required to do pre-

9    and/or post-shift activities while off the clock.  Defendants did not compensate Plaintiff and Class

10   Members for this time spent off the clock.

11        79.    In addition, upon information and belief, Defendants failed to incorporate all forms

12   of compensation, including without limitation differentials, service charges, commissions, and

13   incentives, into the regular rate for overtime purposes.

14        80.    As a result, Defendants failed to pay Plaintiff and the Class Members earned

15   overtime wages and such employees suffered damages as a result.

16        81.    Defendants knew or should have known Plaintiffs and the Class Members were

17   undercompensated as a result of these practices.

18        82.    Due to Defendant's violations of the California Labor Code, Plaintiff and the Class

19   members are entitled to recover from Defendants their unpaid overtime wages, reasonable

20   attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory

21   penalties, and liquidated damages.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

**(By Plaintiff and the Meal Period Subclasses Against All Defendants)**

     83.    Plaintiff incorporates by reference and realleges each and every allegation contained

above, as though fully set forth herein.

     84.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work

period of more than five (5) hours without providing a meal break of not less than thirty (30)

minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

85.    For the four (4) years preceding the filing of this lawsuit as properly tolled by Emergency Rule 9, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

86.    As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

87.    Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.

88.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

89.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

90.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

### (By Plaintiff and the Rest Period Subclasses Against All Defendants)

91.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

FIRST AMENDED COMPLAINT

92.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

93.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

94.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

95.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, and frequent calls during rest periods.

96.     Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

97.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide

- 18 -

compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

98.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING EMPLOYMENT

### (By Plaintiff and the Class Against All Defendants)

99.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

100.     Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

101.     The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

102.     Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

103.     Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

FIRST AMENDED COMPLAINT

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

103.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

### (By Plaintiff and the Waiting Time Subclass Against All Defendants)

104.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

105.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

106.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

107.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

108.    In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

109.    More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

FIRST AMENDED COMPLAINT

110. Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

**By Plaintiff and Wage Statement Subclass Against Defendants**

111. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

112. Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

113. Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

114. Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have

1  knowingly and intentionally failed to comply with Labor Code section 1174, including by

2  implementing the policies and procedures and committing the violations alleged in the preceding

3  causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is

4  unlawful pursuant to Labor Code section 1175.

5        115.    Defendants have failed to record many of the items delineated in applicable

6  Industrial Wage Orders and Labor Code section 226, and required under Labor Code section

7  1174, including by virtue of the fact that each wage statement which failed to accurately

8  compensate Plaintiff and Class Members for all hours worked and for missed and non-provided

9  meal and rest periods, or which failed to include compensation for all minimum wages earned or

10 overtime hours worked, was an inaccurate wage statement.  In addition, the wage statements

11 inaccurately stated totals hours worked and hours worked at each hourly wage rate.

12       116.    On information and belief, Defendants failed to implement and preserve a lawful

13 record-keeping method to record all non-provided meal and rest periods owed to employees or all

14 hours worked, as required for Non-Exempt Employees under California Labor Code section 226

15 and applicable California Wage Orders.  In order to determine if they had been paid the correct

16 amount and rate for all hours worked, Plaintiff and Class Members have been, would have been,

17 and are compelled to try to discover the required information missing from their wage statements

18 and to perform complex calculations in light of the inaccuracies and incompleteness of the wage

19 statements Defendants provided to them.

20       117.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC

21 Wage Orders, Defendants did not and still do not furnish each of the members of the Wage

22 Statement Class with an accurate itemized statement in writing accurately reflecting all of the

23 required information.  Here, Plaintiff asserts the Defendant omitted required information, failed to

24 accurately include all applicable hourly rates on the wage statements and the corresponding

25 number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have

26 failed to provide accurate itemized wage statements as a consequence of the above-specified

27 violations for failure to accurately pay all wages owed, accurately record all hours worked, and

28 failure to pay meal and rest period premiums as required by law.

118.    Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

119.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

120.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**<u>VIOLATION OF THE UNFAIR COMPETITION LAW</u>**

**By Plaintiff and Class Against All Defendants**

121.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

122.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

123.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California

FIRST AMENDED COMPLAINT

1  Business and Professions Code §§ 17200, *et seq*.

2  124.  A violation of California Business and Professions Code §§ 17200, *et seq*., may be
3  predicated on the violation of any state or federal law.

4  125.  The state law violations, including violations of the relevant IWC Wage Order,
5  detailed herein above are the predicate violations for this cause of action.  By way of example only,
6  in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with
7  timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was
8  not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders.
9  Defendants further violated the law through their policies of failing to fully and accurately
10  compensate Plaintiff and the Class Members for all hours worked, including minimum wages and
11  overtime, as well as failing to provide accurate itemized wage statement as specified above.

12  126.  Plaintiff and the Class Members have been personally aggrieved by Defendants'
13  unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

14  127.  Pursuant to California Business and Professions Code §§ 17200, *et seq*., Plaintiff
15  and the Class Members are entitled to restitution of the wages withheld and retained by Defendants
16  during a period that commences four (4) years prior to the filing of this complaint; an award of
17  attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of
18  costs.

19  **NINTH CAUSE OF ACTION**

20  **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004,**
21  **LABOR CODE SECTION 2698 ET SEQ.**

22  128.  Plaintiff incorporates by reference each and every paragraph above, and realleges
23  each and every allegation contained above as though fully set forth herein.

24  129.  Plaintiff timely gave written notice by online submission to the LWDA and by
25  certified mail to Defendants of Defendants' violations of numerous provisions of the California
26  Labor Code and the IWC Wage Orders as alleged in this complaint.  All fees were paid as
27  required by statute.

28  130.  Plaintiff is an "aggrieved employee" as defined in Labor Code Section 2699(A), as

- 24 -

he was employed by Defendants during the statutory period and suffered one or more of the Labor Code violations set forth herein.  He seeks to recover of himself and all other current and former aggrieved employees of Defendants the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.   The "Aggrieved Employees" are a subset of the Class Members.

131.    65 days have passed, and no response has been received from the LWDA. Accordingly, the LWDA has permitted Plaintiff to proceed in a representative capacity.

132.    Plaintiff has exhausted all administrative procedures required of them under the Labor Code §§2698, 2699, 2699.3, and as a result, is justified as a matter of right in bringing forward this cause of action.

133.    Pursuant to Labor Code section 2699(a), Plaintiff seeks to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint.

134.    Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court (2009) 46 Cal. 4th 969. Class certification of the PAGA claims is no required.

135.    Pursuant to Labor Code section 2698 et seq. and 2699(a), Plaintiff seeks to recover civil penalties for which Defendants are liable due to numerous Labor Code and Wage Order violations as set forth in this Complaint.

136.    Specifically, Plaintiff, on behalf of himself and the Aggrieved Employees, seek penalties under Labor Code §2699, for, without limitation, the claims set forth herein, including:

       a.    Defendants' failure to comply with the requirement of Labor Code §1182.12, 1194, 1197, 1198, and Wage Orders to pay at least minimum wage for every hour worked;

       b.    Defendants' failure to comply with the requirement of Labor Code §510, 1194, 1197, 1198, and Wage Orders to accurately pay all wages earned including overtime wages;

       c.    Defendants' failure to comply with the requirement of Labor code §216 to pay

1    wages after demand was made;

2    d.  Defendants' failure to comply with the requirement of Labor Code §§204 and

3        210 to pay, without condition and within the time set by the applicable article,

4        all wages, or parts thereof;

5    e.  Defendants' failure to comply with the requirement of Labor Code §225.5 to

6        pay wages due;

7    f.  Defendants' failure to comply with the requirement of Labor Code §§201 and

8        202 to pay wages due to former employees;

9    g.  Defendants' failure to comply with the requirement of Labor Code §203 to pay

10       waiting time penalties to former employees;

11   h.  Defendants' failure to comply with the requirement of Labor Code §226.7,

12       1198, and IWC Wage Orders to authorize and permit ten (10) minute rest

13       breaks;

14   i.  Defendants' failure to comply with the requirement of Labor Code §§226.7,

15       1198, and IWC Wage Orders to pay one hour of premium pay at the regular

16       rate for each statutorily required rest break that was not lawfully authorized

17       and permitted;

18   j.  Defendants' failure to comply with the requirement of Labor Code §226.7,

19       512, 1198, and IWC Wage Orders to provide timely, uninterrupted 30 minutes

20       off duty meal periods;

21   k.  Defendants' failure to comply with the requirement of Labor Code §226.7,

22       1198, and IWC Wage Orders to pay one hour of premium pay at the regular

23       rate for each lawful meal break that was not provided;

24   l.  Defendants' failure to provide accurate compliant wage statements under

25       Labor Code section 226;

26   m. Defendants' failure to reimburse necessary expenses under Labor Code §2802;

27   n.  Defendants' failure to pay sick leave at the proper rate in under Labor Code

28       §246(l);

FIRST AMENDED COMPLAINT

o.  Defendants' failure to maintain required records in violation of Labor Code §226, 1174, and Wage Orders for the above-specified violations, and failure to maintain accurate clock in and out times;

137.    Plaintiff seeks civil penalties for Defendants' violation of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

a.  Pursuant to Labor Code §210, for violations of Labor Code §204, Defendants are subject to a civil penalty in the amount of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred ($200) per employee for violations in subsequent pay periods plus 25% of the amount unlawfully withheld.

b.  Pursuant to Labor Code §226.3, for violations of Labor Code §226(a) Defendants are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

c.  Pursuant to Labor Code §558(a), "[a]ny employer or other person acting on behalf of an employer who violated, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violations for each underpaid employee for each pay period for which the employee was underpaid.

FIRST AMENDED COMPLAINT

d.  Pursuant to Labor Code §1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

e.  Pursuant to Labor Code § 1174.5, for violations of Labor Code §1174(d), Defendants are subject to a civil penalty of five hundred dollars ($500).

138.  Further, as a result of the acts alleged hereinabove, Plaintiff seeks penalties under Labor Code §2698 et seq. and 2699 because of Defendants' violation of numerous provisions of the California Labor Code and IWC Wage Orders.

139.  Under Labor Code §2699, Plaintiff and Aggrieved Employees are entitled to $100 for any initial violation and $200 for all subsequent violations of the above-mentioned provisions of the California Labor Code.

140.  Under Labor Code §2699, Plaintiff and Aggrieved Employees should be awarded twenty-five (25%) of all penalties due under California law, interest, attorneys' fees and costs.

141.  Under Labor Code §2699, the State of California should be awarded seventy-five percent (75%) of the penalties due under California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.  That this action be certified as a class action;

1    2.    That Plaintiff be appointed as the representative of the Class;

2    3.    That Plaintiff be appointed as the representatives of the Subclasses; and

3    4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

4    **On the First Cause of Action**

5    (Failure to pay minimum wages)

6    1.    For the unpaid balance of the full amount of any minimum wages, and regular wages

7    owed, as well as interest thereon,

8    2.    Penalties according to statute,

9    3.    Liquidated damages,

10    4.    Reasonable attorneys' fees, and costs of suit;

11    5.    For interest and

12    6.    For such other and further relief as the Court deems proper.

13    **On the Second Cause of Action**

14    (Failure to pay overtime)

15    1.    For the unpaid balance of the full amount of any overtime wages owed, as well as

16    interest thereon,

17    2.    Penalties according to statute,

18    3.    Liquidated damages,

19    4.    Reasonable attorneys' fees, and costs of suit;

20    5.    For interest and

21    6.    For such other and further relief as the Court deems proper.

22    **On the Third Cause of Action**

23    (Failure to Provide Lawful Meal Periods)

24    1.    For one (1) hour of premium pay for each day in which a required meal period was

25    not lawfully provided;

26    2.    For reasonable attorneys' fees and costs pursuant to statute; and

27    3.    For such other and further relief as the Court deems proper.

28

- 29 -

FIRST AMENDED COMPLAINT

1

**On the Fourth Cause of Action**

2

(<u>Failure to Authorize and Permit Lawful Rest Periods</u>)

3
4

1.    For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

5

2.    For reasonable attorneys' fees and costs pursuant to statute; and

6

3.    For such other and further relief as the Court deems proper.

7

**On the Fifth Cause of Action**

8

(<u>Failure to Timely Pay Wages Due and Payable During Employment</u>)

9

1.    For unpaid wages;

10
11

2.    For penalties pursuant to <u>Labor Code</u> § 210 and 25% of the amount of wages unlawfully withheld;

12

3.    For interest;

13

4.    For reasonable attorneys' fees and costs pursuant to statute; and

14

5.    For such other and further relief as the Court deems proper.

15

**On the Sixth Cause of Action**

16

(<u>Failure to Timely Pay Wages At Separation</u>)

17

6.    For unpaid wages;

18

7.    For penalties pursuant to <u>Labor Code</u> § 203;

19

8.    For interest;

20

9.    For reasonable attorneys' fees and costs pursuant to statute; and

21

10.    For such other and further relief as the Court deems proper.

22

**On the Seventh Cause of Action**

23

(<u>Failure to Provide Accurate Itemized Wage Statements</u>)

24

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

25

2.    For reasonable attorneys' fees and costs; and

26

3.    For such other and further relief as the Court deems proper;

27

28

FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**On the Eighth Cause of Action**

(Violation of the Unfair Competition Law)

1.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, regular wages, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.      For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.      For such other and further relief as the Court deems proper.

**On the Ninth Cause of Action**

(Penalties Under the Private Attorney Generals Act, Labor Code section 2698 et seq.)

1.  For penalties according to proof, pursuant to Labor Code §§ 2698 et seq. for the violations specified above;

2.  For penalties under Labor Code sections 210, 226.3, 1174.5, 1197.1, and 2699(a) and (f);

3.  For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

4.  For reasonable attorneys' fees, expenses, and costs under Labor Code §§1194, 226, 2699, and/or Code of Civil Procedure §1021.5, and/or any other applicable provisions providing for attorneys' fees and costs; and

5.  For such other and further relief as the Court deems proper.

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this

3    matter to the fullest extent available under the law.

4                                         Respectfully submitted,

5    Dated:   March 22, 2023

6                                         JAMES HAWKINS, APLC
                                          James R. Hawkins, Esq.
7                                         Christina M. Lucio, Esq.

8                                         Attorneys for CARLOS CALDERON GRANADOS, on
9                                         behalf of himself and all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE, COUNTY OF ORANGE**

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On March 23, 2023, I served on the interested parties in this action the following document(s) entitled:

**STIPULATION RE: CONOLIDATION OF CLASS AND PRIVATE ATTORNEYS GENERAL ACT ACTION**

**[XX] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[XX] COURTESY ELECTRONIC SERVICE:** Based on a court Order or an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the email address jocelyn@jameshawkinsaplc.com to the persons at the e-mail addresses listed in the Service List below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**SERVICE LIST**
please see attached page

**[X] STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on March 23, 2023, at Irvine, California.

_____
JOCELYN MATEO

1   SEYFARTH SHAW LLP
    Brian P. Long (SBN 232746)
2   bplong@seyfarth.com
    601 South Figueroa Street, Suite 3300
3   Los Angeles, California 90017-5793
    Telephone: (213) 270-9600
4   Facsimile: (213) 270-9601

5

6   SEYFARTH SHAW LLP
    Michael Afar (SBN 298990)
7   mafar@seyfarth.com
    2029 Century Park East, Suite 3500
8   Los Angeles, California 90067
    Telephone: (310) 277-7200
9   Facsimile: (310) 201-5219

10

11  SEYFARTH SHAW LLP
    Phillip J. Ebsworth (SBN 311026)
12  pebsworth@seyfarth.com
    400 Capitol Mall, Suite 2300
13  Sacramento, California 95814
    Telephone: (916) 448-0159
14  Facsimile: (916) 558-4839

15  *Attorneys for Defendant*
    *HYATT CORPORATION dba*
16  *ALILA MAREA BEACH RESORT ENCINITAS*

17

18

19

20

21

22

23

24

25

26

27

28

---

PROOF OF SERVICE

SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

SEYFARTH SHAW LLP
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendant
HYATT CORPORATION dba ALILA MAREA BEACH
RESORT ENCINITAS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/13/2023 at 04:06:00 PM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 37-2022-00032206-CU-OE-CTL<br><br>[Hon. Matthew C. Braner, Dept. C-60]<br><br>**NOTICE OF STATUS CONFERENCE**<br><br>Complaint Filed:    August 11, 2022 |

1  TO THE COURT AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2         PLEASE TAKE NOTICE that the Court has set a Status Conference on April 7, 2023, at 9:00

3  a.m., in Department C-60, of the above-entitled Court located at 330 W. Broadway, San Diego, CA

4  92101.

5

6  DATED: March 13, 2023                    SEYFARTH SHAW LLP

7                                            By: _____

8                                                Brian P. Long
                                                 Michael Afar
9                                                Phillip J. Ebsworth
                                             Attorneys for Defendants
10                                           HYATT CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            1

1

## **PROOF OF SERVICE**

2

     I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 400 Capitol Mall, Suite 2300, Sacramento, California  95814-

3

4428.  On March 13, 2023, I caused to be served the within document(s):

4

    **NOTICE OF STATUS CONFERENCE**

5

6

☐  by having the document(s) listed above placed in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

7

8

☒  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on
account and deposited for collection with the overnight carrier at Sacramento, California,

9

addressed as set forth below.

10

☐  by transmitting the document(s) listed above, electronically, to the e-mail addresses set forth
below.

11

12

  James R. Hawkins,          Attorneys for Plaintiff
  Christina M. Lucio

13

  James Hawkins APLC       Tel:  949-387-7200
  9880 Research Drive, Suite 200  Fax: 949-387-6676
  Irvine, CA  92618

14

                          james@jameshawkinsaplc.com

15

                          christina@jameshawkinsaplc.com

16

17

     I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

18

postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

19

     I declare under penalty of perjury under the laws of the State of California that the above is true

20

and correct.

21

     Executed on March 13, 2023, at Sacramento, California.

22

23

24

                              Linda Ninelist

25

26

27

28

NOTICE OF STATUS CONFERENCE

92949789v.1

1  | SEYFARTH SHAW LLP
2  | Brian P. Long (SBN 232746)
   | bplong@seyfarth.com
3  | 601 South Figueroa Street, Suite 3300
   | Los Angeles, California 90017-5793
4  | Telephone:    (213) 270-9600
   | Facsimile:    (213) 270-9601

5  | SEYFARTH SHAW LLP
6  | Michael Afar (SBN 298990)
   | mafar@seyfarth.com
7  | 2029 Century Park East, Suite 3500
   | Los Angeles, California 90067
8  | Telephone:    (310) 277-7200
   | Facsimile:    (310) 201-5219

9  | SEYFARTH SHAW LLP
10 | Phillip J. Ebsworth (SBN 311026)
   | pebsworth@seyfarth.com
11 | 400 Capitol Mall, Suite 2350
   | Sacramento, California 95814
12 | Telephone:    (916) 448-0159
   | Facsimile:    (916) 558-4839

13 | Attorneys for Defendant
14 | HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS

**ELECTRONICALLY RECEIVED**
Superior Court of California,
County of San Diego

**03/13/2023** at 04:03:42 PM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Matthew C. Braner]* |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR CONSOLIDATION** |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | Date:  April 7, 2023 |
| | Time: 9:00 a.m. |
| | Dept: C-60 |
| Defendants. | Complaint Filed:        August 11, 2022 |
| CAROLS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00041892-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Ronald F. Frazier]* |
| v. | Complaint Filed:        October 18, 2022 |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | |
| Defendant. | |

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR CONSOLIDATION

92995698v.1

On April 7, 2023, at 9:00 a.m. in Department C-60 of the above-entitled Court, Defendant Hyatt Corporation's Motion for Consolidation came on regularly for hearing. After giving full consideration to the pleadings, papers, and evidence filed in support of and in opposition to the motion, and the Parties' arguments in support and in opposition to the motion, the Court hereby ORDERS that:

1.     Defendant Hyatt Corporation's Motion for Consolidation is GRANTED.

2.     The actions *Carlos Calderon Granados v. Hyatt Corporation, et al.,* Case No. 37-2022-00032206-CU-OE-CTL and *Carlos Calderon Granados v. Hyatt Corporation, et al.,* Case No. 37-2022-00041892-CU-OE-CTL are consolidated for all purposes. All future filings shall be made in Case No. 37-2022-00032206-CU-OE-CTL.

3.     Plaintiff is ordered to file a First Amended Consolidated Complaint, in order to combine the causes of action from the class action and PAGA action complaints, within 14 days.

**IT IS SO ORDERED.**

DATED: _____

:     _____
Honorable Matthew C. Braner
Judge of the Superior Court

1

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR CONSOLIDATION

92995698v.1

1  SEYFARTH SHAW LLP
   Brian P. Long (SBN 232746)
2  bplong@seyfarth.com
   601 South Figueroa Street, Suite 3300
3  Los Angeles, California 90017-5793
   Telephone:    (213) 270-9600
4  Facsimile:    (213) 270-9601

5  SEYFARTH SHAW LLP
   Michael Afar (SBN 298990)
6  mafar@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067
   Telephone:    (310) 277-7200
8  Facsimile:    (310) 201-5219

9  SEYFARTH SHAW LLP
   Phillip J. Ebsworth (SBN 311026)
10 pebsworth@seyfarth.com
   400 Capitol Mall, Suite 2350
11 Sacramento, California 95814
   Telephone:    (916) 448-0159
12 Facsimile:    (916) 558-4839

13 Attorneys for Defendant
   HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS
14
15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

                        COUNTY OF SAN DIEGO
16
   CARLOS CALDERON GRANADOS, individually       Case No. 37-2022-00032206-CU-OE-CTL
17 and on behalf of himself and all others similarly
   situated,                                    *[Assigned to the Hon. Matthew C. Braner]*
18
                 Plaintiff,                     **DEFENDANT'S REQUEST FOR
19                                               JUDICIAL NOTICE IN SUPPORT OF
          v.                                     MOTION FOR CONSOLIDATION**
20 HYATT CORPORATION, a Delaware
   Corporation, doing business as ALILA MAREA    Date:  April 7, 2023
21 BEACH RESORT ENCINITAS, and DOES 1-50,        Time:  9:00 a.m.
   inclusive,                                    Dept:  C-60
22
                 Defendants.                     Complaint Filed:       August 11, 2022
23 CAROLS CALDERON GRANADOS, individually
   and on behalf of himself and all others similarly  Case No. 37-2022-00041892-CU-OE-CTL
24 situated,
                                                 *[Assigned to the Hon. Ronald F. Frazier]*
25               Plaintiff,
                                                 Complaint Filed:       October 18, 2022
          v.
26 HYATT CORPORATION, a Delaware
   Corporation, doing business as ALILA MAREA
27 BEACH RESORT ENCINITAS, and DOES 1-50,
   inclusive,
28
                 Defendant.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/13/2023 at 04:03:00 PM

Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

Pursuant to Evidence Code §§ 450, *et seq*., Defendant Hyatt Corporation requests that the Court take judicial notice of the following documents:

1.      Attached as **Exhibit 1** is a true and correct copy of the complaint filed in *Granados v. Hyatt Corporation*, San Diego County Case No. 37-2022-00041892-CU-OE-CTL ("PAGA Action Complaint").

2.      Attached as **Exhibit 2** is a true and correct copy of the stipulation filed by Plaintiff's counsel and Defendant in *Vigil v. Hyatt Corporation*, United States District Court, Northern District of California Case No. 4:22-cv-00693-HSG.

3.      Attached as **Exhibit 3** is a true and correct copy of the Order dated July 27, 2022, consolidating the class and PAGA actions in *Vigil v. Hyatt Corporation*.

The documents listed above and attached to this Request are judicially noticeable as records of a court of this state, or as facts not reasonably subject to dispute. *See* Cal. Evid. Code § 452(d), (h). In *People v. Harbolt*, the court outlined the purposes for which a court may take judicial notice of a court record:

> "Evidence Code sections 452 and 453 permit the trial court to 'take judicial notice of the existence of judicial opinions and court documents, along with the truth of the results reached-in the documents such as orders, statements of decision, and judgments but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact.' [Citations.]"

61 Cal.App.4th 123, 126-127 (1997). Accordingly, the documents referenced herein are subject to judicial notice, and Defendant Hyatt Corporation requests that such notice be granted.

DATED: March 13, 2023                    SEYFARTH SHAW LLP

                                         By: _Phillip Ebsworth_____
                                              Brian P. Long
                                              Michael Afar
                                              Phillip J. Ebsworth
                                              Attorneys for Defendant
                                              HYATT CORPORATION

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE ISO MOTION FOR CONSOLIDATION
92995179v.1

# EXHIBIT 1

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff CARLOS CALDERON GRANADOS
on behalf of himself and all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**10/18/2022** at 03:38:45 PM
Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HYATT CORPORATION, a Delaware corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive. <br><br> Defendants. | Case No. 37-2022-00041892-CU-OE-CTL <br><br> **REPRESENTATIVE COMPLAINT** <br><br> *Assigned for All Purposes To:* <br> Hon. <br> Dept.: <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1) **Civil Penalties Under Private Attorneys' General Act, Labor Code Section 2698 *et seq.*** |

1  COMES NOW, Plaintiff CARLOS CALDERON GRANADOS ("Plaintiff"), individually

2  and on behalf of others similarly situated, and asserts claims against defendants HYATT

3  CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive (collectively "Defendants"

4  or "Hyatt") as follows:

5  **INTRODUCTION**

6  1.      This is a representative action for recovery of penalties under the Private Attorneys'

7  General Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 *et seq.* PAGA permits "aggrieved

8  employees" to bring a lawsuit as a representative action on behalf of themselves and all other

9  current and former aggrieved employees, to recover civil penalties and address an employer's

10  violations of the California Labor Code.

11  2.      Plaintiff brings this action pursuant to the PAGA on a representative basis on behalf

12  of all non-exempt employees working directly or indirectly for Defendants in the State of California

13  (the "Aggrieved Employees") from one year prior to the filing of the PAGA notice to the conclusion

14  of this action.

15  3.      Plaintiff brings this action on behalf of himself and the Aggrieved Employees to

16  recover civil penalties and address Defendants' violations of the California Labor Code and the

17  IWC Wage Orders.

18  4.      Pursuant to *Huff v. Securitas Services,* 23 Cal. App. 5th 745, 751 (2018), an

19  employee who brings a representative action and was affected by at least one of the violations

20  alleged in the complaint has standing to pursue penalties on behalf of the state and not only for that

21  violation, but for violations affecting other employees as well.  Accordingly, Ms. Lea has standing

22  to pursue penalties on behalf of the state of violations affecting all the aggrieved employees working

23  for Defendants, regardless of their classification, job title, or locations in California.

24  5.      In this case, Defendants violated various provisions of the California Labor Code

25  and IWC Wage Order.  Defendants' violations include: (1) failure to pay minimum wages; (2)

26  failure to accurately pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to

27  authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure

28  to timely pay wages owed upon separation from employment; (7) knowing and intentional failure

- 1 -

PAGA COMPLAINT

to comply with itemized wage statement provisions; (8) violation of the unfair competition law; (9) failure to keep accurate record; and (10) failure to pay sick leave at the proper rate.

6.      This action is timely because Plaintiff suffered from a violation or numerous violations of the California Labor Code within one year of the date on which a PAGA notice was sent to the LWDA via online submission.  More than 65 days have passed, and no response has been received by the LWDA.  A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit A**, thereby satisfying the notice requirement under the statute and permitting Plaintiff to proceed with this action in a representative capacity.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.

8.      Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

9.      Venue is proper in this Court because one or more of the Defendants reside, transact business, or have offices in this County, Plaintiff is a resident of this County, and the acts or omissions alleged herein took place in this County.

## PARTIES

10.      Defendant Hyatt Corporation is a Delaware corporation doing business in the state of California as Alila Marea Beach Resort Encinitas.  It is based at 150 North Riverside Plaza, Chicago, IL 60606.

11.      Upon information and belief, Defendants employ Non-Exempt Employees, like Plaintiff, throughout the State of California.

12.      Plaintiff Carlos Calderon Granados is and during the liability period has been, a resident of California.

13.      Plaintiff was employed in an hourly, non-exempt position by Defendants during the

PAGA COMPLAINT

1  relevant time period.

2      14.    Plaintiff and the members of the aggrieved group were employed, directly or

3  indirectly, by Defendants as non-exempt employees in the State of California from one year prior

4  to the filing of the PAGA notice to the conclusion of this action.

5      15.    Whenever in this complaint reference is made to any act, deed, or conduct of

6  Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through

7  one or more of Defendants' officers, directors, agents, employees, or representatives, who was

8  actively engaged in the management, direction, control, or transaction of the ordinary business and

9  affairs of Defendants.

10      16.    The true names and capacities of Defendants, whether individual, corporate,

11  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

12  Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure

13  § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

14  capacities of the Defendants designated hereinafter as DOES when such identities become known.

15      17.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are

16  the partners, agents, or principals and co-conspirators of Defendants and of each other; that

17  Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided

18  and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits

19  of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the

20  liability of the Defendants as alleged herein.

21      18.    Plaintiff is further informed and believes, and thereon alleges, that at all times

22  material herein, each Defendant was completely dominated and controlled by its co-Defendants

23  and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint

24  to any conduct by Defendant or Defendants, such allegations and references shall also be deemed

25  to mean the conduct of each of the Defendants, acting individually, jointly, and severally.

26  Whenever and wherever reference is made to individuals who are not named as Defendants in this

27  complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times

28  acted on behalf of Defendants named in this complaint within the scope of their respective

PAGA COMPLAINT

1  employments.

2  **FACTUAL ALLEGATIONS**

3  19.    During the relevant time frame, Defendants compensated Plaintiff and the Non-

4  Exempt Employees based upon an hourly wage.

5  20.    Plaintiff and the Aggrieved Employees were, and at all times pertinent hereto, have

6  been non-exempt employees within the meaning of the California Labor Code, and the

7  implementing rules and regulations of the IWC California Wage Orders.  They are subject to the

8  protections of the IWC Wage Orders and the Labor Code.

9  21.    During the relevant time, Plaintiff was employed by Defendants in an hourly, non-

10  exempt position. He worked as a Massage Therapist in Defendants' facilities approximately 5 days

11  per week, 8-25 hours per week.

12  22.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were

13  advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the

14  requirements of California's wage and employment laws.

15  23.    All Aggrieved Employees are similarly situated in that they are all subject to

16  Defendants' uniform policies and systemic practices as specified herein.

17  24.    Plaintiff and the Aggrieved Employees were required to clock in at the beginning of

18  their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.

19  However, Plaintiff and the Aggrieved Employees were not paid for all hours worked because

20  employees were required to work off the clock, including for preparatory and post shift functions.

21  25.    In addition, upon information and belief, Defendants failed to incorporate all forms

22  of non-discretionary compensation into the regular rate, including differentials, commissions,

23  service charges, and incentives.

24  26.    Plaintiff and the Aggrieved Employees were regularly required to work shifts in

25  excess of five hours without being provided a lawful meal period as required by law.

26  27.    Indeed, during the relevant time, as a consequence of Defendants' scheduling

27  practices, work demands, and Defendants' policies and practices, Defendants frequently failed to

28  provide Plaintiff and the Aggrieved Employees timely, legally complaint uninterrupted 30-minute

1 | meal periods as required by law.

2 |      28.    Defendants failed to provide meal periods on shifts up to six hours without a valid

3 | waiver.

4 |      29.    Despite the above-mentioned meal period violations, Defendants failed to

5 | compensate Plaintiff, and on information and belief, failed to compensate Aggrieved Employees,

6 | one additional hour of pay at their regular rate as required by California law when meal periods

7 | were not timely or lawfully provided in a compliant manner.

8 |      30.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,

9 | should know, knew, and/or should have known that Plaintiff and the other Aggrieved Employees

10 | were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving

11 | accurately calculated compensation.

12 |      31.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt

13 | Employees were systematically not authorized and permitted to take one net ten-minute paid, rest

14 | period for every four hours worked or major fraction thereof, which is a violation of the Labor Code

15 | and IWC wage order.

16 |      32.    Defendants maintained and enforced scheduling practices, policies, and imposed

17 | work demands that frequently required Plaintiff and Aggrieved Employees to forego their lawful,

18 | paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such

19 | requisite rest periods were not timely authorized and permitted.

20 |      33.    Despite the above-mentioned rest period violations, Defendants did not compensate

21 | Plaintiff, and on information and belief, did not pay Aggrieved Employees one additional hour of

22 | pay at their regular rate as required by California law, including Labor Code section 226.7 and the

23 | applicable IWC wage order, for each day on which lawful rest periods were not authorized and

24 | permitted.

25 |      34.    Defendants also failed to provide accurate, lawful itemized wage statements to

26 | Plaintiff and the Aggrieved Employees in part because of the above specified violations.

27 |      35.    Defendants have also made it difficult to determine applicable rates of pay and

28 | account with precision for the unlawfully withheld wages and deductions due to be paid to Non-

1  exempt Employees, including Plaintiff, during the liability period because they did not implement

2  and preserve a lawful record-keeping method to record all hours worked, and non-provided rest

3  and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section

4  211(c), California Labor Code section 226, and applicable California Wage Orders.

5      36.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

6  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

7  thereof for resignations without prior notice as the case may be) they had a duty to accurately

8  compensate Plaintiff and Aggrieved Employees for all wages owed including straight time,

9  overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such

10  compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part

11  because of the above-specified violations.

12      37.    Plaintiff and the Aggrieved Employees are covered by applicable California IWC

13  Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title

14  8, section 11000 *et seq.*

15                  ***FAILURE TO PAY MINIMUM WAGES***

16      38.    Plaintiff incorporates each and every allegation set forth in all of the foregoing

17  paragraphs as if fully set forth herein

18      39.    Labor Code section 204 establishes the fundamental right of all employees in the

19  State of California to be paid wages, including minimum wage, straight time, in a timely fashion

20  for their work.

21      40.    Labor Code section 1194(a) provides that notwithstanding any agreement to work

22  for a lesser wage, any employee receiving less than the legal minimum wage compensation

23  applicable to the employee is entitled to recover in a civil action the unpaid balance of the full

24  amount of this minimum wage or overtime compensation, including interest thereon, reasonable

25  attorney's fees, and costs of suit.

26      41.    Labor Code section 1197 provides: The minimum wage for employees fixed by the

27  commission or by any applicable state or local law, is the minimum wage to be paid to employees,

28  and the payment of a lower wage than the minimum so fixed is unlawful.

PAGA COMPLAINT

42.     Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

43.     The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

44.     Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

45.     During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

46.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

47.     At all times relevant, Plaintiff and Aggrieved Employees consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Aggrieved Employees to work off the clock (including without limitation during purported meal periods).

48.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Aggrieved Employees were working off the clock and that they should have been paid for this time.

49.     In addition, Plaintiff and Aggrieved Employees were not compensated for all hours worked because Defendants had an auto-deduct policy that resulted in 30-minutes of Plaintiff and Aggrieved Employees hours worked being deducted, regardless if a legally compliant meal period was provided.

50.     Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 4-2001 and 5-2001.

PAGA COMPLAINT

1

**FAILURE TO PAY OVERTIME OWED**

2        51.     Plaintiff incorporates each and every allegation set forth in all of the foregoing

3   paragraphs as if fully set forth herein.

4        52.     During all relevant periods, Defendant required Plaintiff and the Aggrieved

5   Employees to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty

6   (40) hours per workweek.

7        53.     During all relevant periods, both the California Labor Code sections 1194, 1197,

8   510, 1198, and the pertinent wage order 4-2001 and 5-2001 required that all work performed by

9   an employee in excess of eight (8) hours in any workday, on the seventh day of work in any

10  workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half

11  (1.5) times the employee's regular rate of pay. Any work in excess of twelve (12) hours in one (1)

12  day is required to be compensated at the rate of no less than twice the regular rate of pay for an

13  employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a

14  workweek is required to be compensated at the rate of no less than twice the regular rate of pay of

15  an employee.

16       54.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiff

17  and the Aggrieved Employees to work in excess of eight (8) hours in a workday and/or in excess

18  of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5)

19  times their regular rate of pay. Upon information and belief, Defendants also failed to properly

20  compensate Plaintiff and the Aggrieved Employees for hours worked in excess of twelve (12) hours

21  in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

22       55.     The IWC Wage Orders define "hours worked" as "the time during which an

23  employee is subject to the control of an employer, and includes all the time the employee is suffered

24  or permitted to work, whether or not required to do so."

25       56.     At all times relevant, Plaintiff and Aggrieved Employees consistently worked hours

26  for which they were not paid because Plaintiff and the Aggrieved Employees were required to work

27  off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of

28  forty (40) hours in a workweek and should have been paid at the overtime rate.

57.     Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Aggrieved Employees were working off the clock and that they should have been paid for this time.

58.     By way of example, Plaintiff and Aggrieved Employees were required to do pre- and/or post-shift activities while off the clock.  Defendants did not compensate Plaintiff and Aggrieved Employees for this time spent off the clock.

59.     In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation differentials, service charges, commissions, and incentives, into the regular rate for overtime purposes.

60.     As a result, Defendants failed to pay Plaintiff and the Aggrieved Employees earned overtime wages and violated the law.

61.     Defendants knew or should have known Plaintiff and the Aggrieved Employees were undercompensated as a result of these practices.

### *FAILURE TO PROVIDE LAWFUL MEAL PERIODS*

62.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

63.     Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

64.     During the relevant time, Defendants failed to provide Plaintiff and Aggrieved Employees timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

65.     As a consequence of Defendants' policies and practices, requirements, scheduling practices, work demands, coverage and staffing, Plaintiff and the Aggrieved Employees were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

66.     Upon information and belief, Plaintiff and the Aggrieved Employees were not paid

- 9 -

1  one hour of pay at their regular rate for each day that a meal period was not lawfully provided, in

2  part, because any such payments failed to include any incentives, gift cards, and other remuneration

3  in the regular rate.

4        67.    As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved

5  Employees have been damaged in an amount according to proof at time of trial.

6        68.    Pursuant to Labor Code § 226.7, Plaintiff and Aggrieved Employees are entitled to

7  recover one (1) hour of premium pay at the regular rate for each day in which a meal period

8  violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and

9  penalties as applicable.

10        69.    As a result of the unlawful acts of Defendants, Defendants violated Labor Code

11  section 512, 226.7, 1198, and the Wage Orders.

12           **_FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS_**

13        70.    Plaintiff incorporates by reference and realleges each and every allegation contained

14  above, as though fully set forth herein.

15        71.    Pursuant to the IWC wage orders applicable to Plaintiff's and Aggrieved

16  Employees' employment by Defendants, "Every employer shall authorize and permit all employees

17  to take rest periods, which insofar as practicable shall be in the middle of each work period....

18  [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten

19  (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest

20  period time shall be counted as hours worked, for which there shall be no deduction from wages."

21        72.    Labor Code §226.7(a) prohibits an employer from requiring any employee to work

22  during any rest period mandated by an applicable order of the IWC.

23        73.    Defendants were required to authorize and permit employees such as Plaintiff and

24  Aggrieved Employees to take rest periods during shifts in excess of 3.5 hours, based upon the total

25  hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction

26  thereof, with no deduction from wages.

27        74.    Despite said requirements of the IWC wage orders applicable to Plaintiff's and

28  Aggrieved Employee's employment with Defendants, Defendants failed and refused to authorize

1  and permit Plaintiff and Aggrieved Employees to take lawful, net ten (10) minute rest periods for

2  every four (4) hours worked, or major fraction thereof as a consequence of Defendants' policies

3  and practices, requirements, scheduling practices, work demands, coverage and staffing. Such rest

4  breaks, when provided, were frequently untimely or less than net ten minutes because of the work

5  requirements imposed by Defendants, and frequent calls during rest periods.

6        75.     Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay

7  for each day that a rest period violation occurred. On information and belief, the other members of

8  the aggrieved group endured similar violations as a result of Defendants' rest period policies and

9  practices and Defendant did not pay said Aggrieved Employees premium pay as required by law.

10        76.     By their failure to authorize and permit Plaintiff and the Aggrieved Employees to

11  take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major

12  fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour

13  shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other

14  Aggrieved Employees work(ed) work a third rest period for shifts in excess of ten (10) hours, and

15  by their failure to provide compensation for such unprovided rest periods as alleged herein,

16  Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC

17  Wage Order(s) 4-2001 and 5-2001.

18        77.     As a result of the unlawful acts of Defendants, Defendants violated Labor Code

19  section 226.7, 512, 1198, and the Wage Orders.

20                 ***FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING***

21                                    ***EMPLOYMENT***

22        78.     Plaintiff incorporates by reference and realleges each and every allegation contained

23  above, as though fully set forth herein.

24        79.     Labor Code section 204 requires that all wages are due and payable twice in each

25  calendar month.

26        80.     The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became

27  due and payable to each employee in each month that he or she was not provided with a meal period

28  or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

81.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

82.    Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

83.    Plaintiff and the Aggrieved Group are entitled to civil penalties, attorneys fees, and costs.

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

84.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

85.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

86.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

87.    Plaintiff and Aggrieved Employees are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick pay, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

88.    In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Aggrieved Employees earned compensation at the

PAGA COMPLAINT

time of termination despite their obligations under Labor Code 201 and 202.

89.    More than thirty (30) days have passed since affected Aggrieved Employees have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

90.    Plaintiff and the Aggrieved Employees are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

91.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

92.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

93.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

94.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages

1  paid to, its employees.  On information and belief and based thereon, Defendants have knowingly

2  and intentionally failed to comply with Labor Code section 1174, including by implementing the

3  policies and procedures and committing the violations alleged in the preceding causes of action and

4  herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor

5  Code section 1175.

6    95.    Defendants have failed to record many of the items delineated in applicable

7  Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174,

8  including by virtue of the fact that each wage statement which failed to accurately compensate

9  Plaintiff and Aggrieved Employees for all hours worked and for missed and non-provided meal and

10  rest periods, or which failed to include compensation for all minimum wages earned or overtime

11  hours worked, was an inaccurate wage statement.

12    96.    On information and belief, Defendants failed to implement and preserve a lawful

13  record-keeping method to record all non-provided meal and rest periods owed to employees or all

14  hours worked, as required for Non-Exempt Employees under California Labor Code section 226

15  and applicable California Wage Orders.  In order to determine if they had been paid the correct

16  amount and rate for all hours worked, Plaintiff and Aggrieved Employees have been, would have

17  been, and are compelled to try to discover the required information missing from their wage

18  statements and to perform complex calculations in light of the inaccuracies and incompleteness of

19  the wage statements Defendants provided to them.

20    97.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC

21  Wage Orders, Defendants did not and still do not furnish each of the members of the Aggrieved

22  Group with an accurate itemized statement in writing accurately reflecting all of the required

23  information. Here, Plaintiff asserts the Defendant omitted required information, failed to accurately

24  include all applicable hourly rates on the wage statements and the corresponding number of hours

25  worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide

26  accurate itemized wage statements as a consequence of the above-specified violations for failure to

27  accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest

28  period premiums as required by law.

98.     Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Aggrieved Group, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

### FAILURE TO KEEP ACCURATE RECORDS

99.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

100.    The IWC wage orders, Labor Code Sections 226(a), 1174, and 1174.5 require that the Defendant keep accurate payroll and timekeeping information.

101.    The IWC Wage Orders required in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal Periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rate of pay…"

102.    Labor Code section 1174 also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by and the wages paid to, its employees.

103.    On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor code section 1174, including by implementing the policies and procedures and committing the violations alleged above, including without limitation failing to keep records of meal periods and all wages earned at the proper rates.

104.    Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

- 15 -

PAGA COMPLAINT

*FAILURE TO PAY SICK LEAVE AT THE PROPER RATE*

105. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

106. Labor Code 246(i) provides: An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified.

107. Labor Code section 246(l) provides: "For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations: (1) Paid sick leave for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek. (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

108. In this case, Plaintiff alleges that Defendants failed to pay sick leave at the proper rate because it failed to take all forms of compensation, including incentives, and other wages into account in calculating the regular rate. This constitutes a violation of Labor Code.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### PENALTIES UNDER THE PRIVATE ATTORNEYS' GENERAL ACT, LABOR CODE SECTION 2698 *ET SEQ.*

109. Plaintiff incorporates by reference each and every paragraph above, and realleges each and every allegation contained above as though fully set forth herein.

110. Plaintiff gave timely written notice by online submission to the LWDA and by certified mail to Defendants of Defendants' violations of numerous provisions of the California Labor Code and the IWC Wage Orders as alleged in this complaint. All fees were paid as required by statute. A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit A.**

111. Plaintiff is an "aggrieved employee" as defined in Labor Code Section 2699(A), as he was employed by Defendants during the statutory period and suffered one or more of the Labor

1  Code violations set forth herein.  He seeks to recover of himself and all other current and former
2  aggrieved employees of Defendants the civil penalties provided by PAGA, plus reasonable
3  attorneys' fees and costs.

4   112.   65 days have passed, and no response has been received from the LWDA.
5  Accordingly, the LWAD has permitted Plaintiff to proceed in a representative capacity.

6   113.   Plaintiff has exhausted all administrative procedures required of them under the
7  Labor Code §§2698, 2699, 2699.3, and as a result, is justified as a matter of right in bringing
8  forward this cause of action.

9   114.   Pursuant to Labor Code section 2699(a) Plaintiff seeks to recover civil penalties for
10  which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint.

11   115.   Plaintiff seeks to recover the PAGA civil penalties through a representative action
12  permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal.
13  4th 969.  Class certification of the PAGA claims is not required.

14   116.   Pursuant to Labor Code section 2698 et seq. and 2699(a), Plaintiff seeks to recover
15  civil penalties for which Defendants are liable due to numerous Labor Code and Wage Order
16  violations as set forth in this Complaint.

17   117.   Specifically, Plaintiff, on behalf of himself and the Aggrieved Employees, seek
18  penalties under Labor Code §2699, for, without limitation, the claims set forth herein, including:

   a. Defendants' failure to comply with the requirement of Labor Code §1182.12,
      1194, 1197, 1198, and Wage Orders to pay at least minimum wage for every
      hour worked;

   b. Defendants' failure to comply with the requirement of Labor Code §510, 1194,
      1197, 1198, and Wage Orders to accurately pay all wages earned;

   c. Defendants' failure to comply with the requirement of Labor Code §216 to pay
      wages after demand was made;

   d. Defendants' failure to comply with the requirement of Labor Code §§204 and
      210 to pay, without condition and within the time set by the applicable article,
      all wages, or parts thereof;

e.  Defendants' failure to comply with the requirement of Labor Code §225.5 to pay wages due;

f.  Defendants' failure to comply with the requirement of Labor Code §§201 and 202 to pay wages due to former employees;

g.  Defendants' failure to comply with the requirement of Labor Code §203 to pay waiting time penalties to former employees;

h.  Defendants' failure to comply with the requirement of Labor Code §226.7, 512, 1198, and IWC Wage Orders to provide timely, uninterrupted 30 minute off-duty meal periods;

i.  Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each lawful meal break that was not provided;

j.  Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to authorize and permit ten (10) minute rest breaks;

k.  Defendants' failure to comply with the requirement of Labor Code §§226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each statutorily required rest break that was not lawfully authorized and permitted;

l.  Defendants' failure to maintain required records in violation of Labor Code §226, 1174, and Wage Orders;

m.  Defendants' failure to provide accurate compliant wage statements under Labor Code section 226;

n.  Defendants' failure to pay sick leave at the proper rate of pay under Labor Code section 246.

118.  Plaintiff seeks civil penalties for Defendants' violation of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

- 18 -

a.  Pursuant to Labor Code §210, for violations of Labor Code §204, Defendants are subject to a civil penalty in the amount of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred ($200) per employee for violations in subsequent pay periods plus 25% of the amount unlawfully withheld.

b.  Pursuant to Labor Code §226.3, for violations of Labor Code §226 (a) Defendants are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay period.

c.  Pursuant to Labor Code §558(a), "[a]ny employer or other person acting on behalf of an employer who violated, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid.

d.  Pursuant to Labor Code §1174.5, for violations of Labor Code §1174(d), Defendants are subject to a civil penalty of five hundred dollars ($500).

e.  Pursuant to Labor Code §1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for

PAGA COMPLAINT

each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

119.    Further, as a result of the acts alleged hereinabove, Plaintiff seeks penalties under Labor Code §§2698 et seq. and 2699 because of Defendants' violation of numerous provisions of the California Labor Code and IWC Wage Orders.

120.    Under Labor Code §2699, Plaintiff and Aggrieved Employees are entitled to $100 for any initial violation and $200 for all subsequent violations of the above-mentioned provisions of the California Labor Code.

121.    Under Labor Code §2699, Plaintiff and Aggrieved Employees should be awarded twenty-five percent (25%) of all penalties due under California Law, interest, attorneys' fees and costs.

122.    Under Labor Code §2699, the State of California should we awarded seventy-five percent (75%) of the penalties due under California Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

1. For penalties according to proof, pursuant to Labor Code §§ 2698 et seq. for the violations specified above;

2. For penalties under Labor Code sections 210, 226.3, 1174.5, 1197.1, and 2699(a) and (f);

3. For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

4. For reasonable attorneys' fees, expenses, and costs under Labor Code §§1194, 226, 2699, and/or Code of Civil Procedure §1021.5, and/or any other applicable provisions providing for attorneys' fees and costs; and

5. For such other and further relief as the Court deems proper.

PAGA COMPLAINT

1

2

3

4

Dated:   October 17, 2022

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for CARLOS CALDERON GRANADOS
on behalf of himself and all others similarly situated

- 21 -

# EXHIBIT A

# JAMES _H_ HAWKINS
### A PROFESSIONAL LAW CORPORATION

9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

August 11, 2022

**Via Online Filing (LWDA)**
California Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste 801
Oakland, CA 94612
http://www.dir.ca.gov/Private-Attorneys-General-Act

**Via Certified Mail (Employer)**

Hyatt Corporation
150 North Riverside Plaza
Chicago, IL 60606
Receipt No.: 7021 1970 0000 9061 1154

Agent for Service of Process for
Hyatt Corporation:
CSC – Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste. 150N
Sacramento, CA 95833
Receipt No.: 7021 1970 0000 9061 1147

Re:    NOTICE PURSUANT TO LABOR CODE SECTION 2698 et seq.

To Whom It May Concern:

PLEASE TAKE NOTICE that Plaintiff Carlos Calderon Granados, on behalf of himself and all others similarly situated, hereby give NOTICE of his Complaint pursuant to Labor Code Sections 2698, *et seq.* against Defendants Hyatt Corporation, a Delaware Corporation doing business as Alila Marea Beach Resort Encinitas ("Defendant" or "Hyatt"); and DOES 1 through 50, inclusive. Plaintiff intends to commence an action against Defendants pursuant to Labor Code section 2698 *et seq.* Plaintiff hereby gives written notice by online submission to the Labor and Workforce Development Agency, and by certified mail to Defendants via their agents for service of process.

Plaintiff was employed by Defendants as an hourly, non-exempt employee. Plaintiff began his employment with Defendants in March 2021 and continued such employment through August 2021. During the relevant time, Plaintiff worked as a Massage Therapist for Defendants the State of California.

The group of aggrieved employees that Plaintiff seeks to represent is a group of non-exempt employees working for Defendants at the Alila Marea Beach Resort, either directly or indirectly, in the State of California during the relevant time period ("Aggrieved Employees").

> **EXHIBIT**
>
> **A**

LWDA Notice
August 9, 2022
Page 2

 Plaintiff has attached his Class Action Complaint, and incorporates the allegations in the Complaint as though fully set forth herewith, setting out the specific provisions of the Labor Code that Plaintiff alleges have been violated, including the facts and relevant theories alleged against Defendants in the Complaint.

 Pursuant to *Huff v. Securitas Security Services,* 23 Cal. App. 5th 745, 751 (2018), an employee who brings a representative action and was affected by at least one of the violations alleged in the complaint has standing to pursue penalties on behalf of the state not only for that violation, but for violations affecting other employees as well. Accordingly, Plaintiff has standing to pursue penalties on behalf of the state for violations affecting all the aggrieved employees working for Defendants at their locations in the State regardless of their classification, job title, locations, or whether they were hired directly or through a labor contractor or staffing agency.

 In addition to the violations set forth in the Complaint, Plaintiff also contends that Defendants failed to keep accurate records as required by Wage Order 5-2001, Labor Code 1174, and 1198. IWC Wage Order 5-2001 requires in pertinent part: every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay..." Labor Code section 1174 also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees. On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the complaint, including without limitation failing to keep records of meal periods and all wages earned at the proper rates. Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

 Plaintiff also contends that Defendants failed to properly pay sick leave at the regular rate. Labor Code section 246(i) provides: An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified. Labor Code section 246(l) provides: For purposes of this section, an employer shall calculate paid sick leave using any of the following calculation: (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek. Here, in violation of Labor Code section 246, Defendant failed to pay sick leave to employees. In addition, Defendant failed to pay sick leave at the proper regular rate as it did not factor in all forms of compensation, including without limitation bonuses, incentives, differentials, and all other forms of compensation.

 All Labor Code and related Complaint allegations pertain to all entities or individuals names in the Complaint, even if not so specified.

EXHIBIT

A

LWDA Notice
August 9, 2022
Page 3

      Please advise by certified mail within sixty-five (65) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you, and please contact me if you have any questions or require additional information.

                Very Truly Yours,

                /s/ *Christina M. Lucio*

                Christina M. Lucio, Esq.

Enclosure: Class Action Complaint

**EXHIBIT
A**

# EXHIBIT 2

1  **JAMES HAWKINS APLC**
   James R. Hawkins (SBN 192925)
2  James@Jameshawkinsaplc.com
   Christina M. Lucio (SBN 253677)
3  Christina@Jameshawkinsaplc.com
   9880 Research Drive, Suite 200
4  Irvine, California 92618
   Telephone: (949) 387-7200
5  Facsimile: (949) 387-6676
6
7  Attorneys for Plaintiff JOE VIGIL,
   On behalf of himself and all others similarly situated
8
9  *[Additional Counsel on the Following Page.]*
                   **UNITED STATES DISTRICT COURT**
10                 **NORTHERN DISTRICT OF CALIFORNIA**
11
12
13 JOE VIGIL, individually and on behalf of      Case No. 4:22-CV-00693-HSG
   himself and all others similarly situated,
14                                               **STIPULATION RE:**
                                                 **CONSOLIDATION OF CLASS**
15             Plaintiff,                        **ACTION AND PRIVATE**
                                                 **ATTORNEYS GENERAL ACT**
16        v.                                     **ACTION**
17
   HYATT CORPORATION, a Delaware                 San Francisco County Superior Court
18 Corporation; GRAND HYATT S.F., LLC,           Case No. CGC-21-596484
   a Delaware Limited Liability Company,
19 doing business as GRAND HYATT SAN             Complaint Filed:    November 2, 2021
   FRANCISCO; and DOES 1-50, inclusive,         Removal:            February 2, 2022
20
21             Defendants.
22
23
24
25
26
27
28

1

**SEYFARTH SHAW LLP**
Brian P. Long (SBN 232746)
2   bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
3   Los Angeles, California 90017-5793
Telephone: (213) 270-9600
4   Facsimile: (213) 270-9601

5   **SEYFARTH SHAW LLP**
Michael Afar (SBN 298990)
6   mafar@seyfarth.com
2029 Century Park East, Suite 3500
7   Los Angeles, California 90067
Telephone: (310) 277-7200
8   Facsimile: (310) 201-5219

9   **SEYFARTH SHAW LLP**
Phillip J. Ebsworth (SBN 311026)
10  pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
11  Sacramento, California 95814
Telephone: (916) 448-0159
12  Facsimile: (916) 558-4839

13  Attorneys for Defendants
HYATT CORPORATION and
14  GRAND HYATT S.F., LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: CONSOLIDATION

85087736v.1

Plaintiff JOE VIGIL ("Plaintiff") and Defendants HYATT CORPORATION and GRAND HYATT S.F. doing business as GRAND HYATT SAN FRANCISCO ("Defendants" or "Hyatt") hereby submit this stipulation and proposed order to consolidate the class action and the Private Attorneys General Act, Labor Code section 2698 et seq., action based upon the following facts:

1. On November 2, 2021, Plaintiff Vigil filed a putative wage and hour class action against Defendants Hyatt Corporation and Grant Hyatt S.F., LLC, dba Grant Hyatt San Francisco in the Superior Court of the State of California, County of San Francisco, Case No. CGC-21-596484 (the "Class Action"). The Class Action seeks damages, penalties and attorneys' fees, expenses, and costs for Defendants' alleged violations of the California Labor Code, including: (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages due and payable during employment; (6) failure to timely pay wages upon separation; (7) failure to reimburse necessary expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions; and (9) violation of the unfair competition law.

2. On January 7, 2022, Plaintiff Vigil filed an action seeking civil penalties under Labor Code section 2698 et seq. against Defendants Hyatt Corporation and Grant Hyatt S.F., LLC, dba Grant Hyatt San Francisco in the Superior Court of the State of California, County of San Francisco, Case No. CGC-21-596484 (the "PAGA Action"). The PAGA action seeks civil penalties for Defendants' alleged violations of the California Labor Code, including: (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages due and payable during employment; (6) failure to timely pay wages upon separation; (7) failure to reimburse necessary expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions; (9) failure to maintain timekeeping and payroll records; and (10) failure to properly pay sick leave.

3.      Defendants removed each of the actions to the United States District Court for the Northern District of California.  The Class Action was removed on February 2, 2022 as Case No. 4:22-cv-00693.  The PAGA Action was removed on April 8, 2022 as Case No. 3:22-cv-02216.

4.      The Parties have met and conferred and have determined that the Class Action and the PAGA Action should be consolidated before this Court into the lower-numbered Class Action.   The Parties agree that the two actions shall be consolidated for all purposes, including trial.  To that end, the Parties further agree that Plaintiff shall file an amended complaint consolidating the two actions.

5.      ACCORDINGLY, it is hereby STIPULATED AND AGREED that the Class Action and the PAGA Action shall be consolidated before this Court into the lower-numbered Class Action for all purposes, including trial.  The Parties will enter into a separate stipulation by which Plaintiff shall file an amended complaint consolidating the two actions.

DATED: July 25, 2022                        JAMES HAWKINS APLC


                                            By: /s/ Christina M. Lucio
                                                James R. Hawkins
                                                Christina M. Lucio

                                            Attorneys for Plaintiff
                                            JOE VIGIL


DATED: July 25, 2022                        SEYFARTH SHAW LLP


                                            By: /s/ Phillip J. Ebsworth
                                                Brian P. Long
                                                Michael Afar
                                                Phillip J. Ebsworth


                                            Attorneys for Defendants
                                            HYATT CORPORATION and
                                            GRAND HYATT S.F. LLC

2

## **Signature Certification**

The undersigned certifies that the content of this STIPULATION RE: CONSOLIDATION OF CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT ACTION is acceptable to all other signatories listed and I have obtained authorization for all of the foregoing signatories to affix their electronic signature thereto.

<u>/s/ Christina M. Lucio</u>
Christina M. Lucio

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on July 25, 2022I electronically filed the foregoing with the

3 Clerk of the Court for the U.S. District Court, for the Northern District of California using

4 the CM/ECF system. All participants are registered CM/ECF users, and will be served by

5 the CM/ECF system.

6

7 Dated: July 25, 2022            */s/ Christina M. Lucio*
                          Christina M. Lucio

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: CONSOLIDATION

# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE VIGIL,

              Plaintiff,

      v.

HYATT CORPORATION, et al.,

           Defendants.

JOE VIGIL,

              Plaintiff,

      v.

HYATT CORPORATION, et al.,

           Defendants.

Case No. 22-cv-00693-HSG

**ORDER GRANTING MOTION TO CONSOLIDATE**

Re: Dkt. No. 34

Having reviewed the parties' stipulation regarding consolidation, Dkt. No, 34, the Court **GRANTS** the stipulation and consolidates *Vigil v. Hyatt Corporation*, Case No. 22-cv-00693-HSG, and *Vigil v. Hyatt Corporation*, 22-cv-02216-HSG, for all purposes, including trial.  All future filings shall be made in Case No. 4:22-cv-00693-HSG.  The Clerk is directed to administratively close the later-filed civil action, Case No. 22-cv-2216-HSG.  The Clerk is further directed to e-file a copy of this order in Case No. 22-cv-2216-HSG.

//

//

//

//

//

United States District Court
Northern District of California

1          The Court notes that the parties filed the first amended consolidated complaint before this

2    order was filed and the cases were actually consolidated.  *See* Dkt. No. 35.  Nevertheless, because

3    the case caption will remain the same, the Court accepts Dkt. No. 35 as the operative complaint.

4          **IT IS SO ORDERED.**

5    Dated:   7/27/2022

6

7                                                    HAYWOOD S. GILLIAM, JR.
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   SEYFARTH SHAW LLP
    Brian P. Long (SBN 232746)
2   bplong@seyfarth.com
    601 South Figueroa Street, Suite 3300
3   Los Angeles, California 90017-5793
    Telephone:    (213) 270-9600
4   Facsimile:    (213) 270-9601

5   SEYFARTH SHAW LLP
    Michael Afar (SBN 298990)
6   mafar@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067
    Telephone:    (310) 277-7200
8   Facsimile:    (310) 201-5219

9   SEYFARTH SHAW LLP
    Phillip J. Ebsworth (SBN 311026)
10  pebsworth@seyfarth.com
    400 Capitol Mall, Suite 2350
11  Sacramento, California 95814
    Telephone:    (916) 448-0159
12  Facsimile:    (916) 558-4839

13  Attorneys for Defendant
    HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS
14

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/13/2023** at 04:03:00 PM

Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

15                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                                COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Matthew C. Braner]* |
| v. | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION** |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | Date: April 7, 2023 Time: 9:00 a.m. Dept: C-60 |
| Defendants. | Complaint Filed:    August 11, 2022 |
| CAROLS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00041892-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Ronald F. Frazier]* |
| v. | Complaint Filed:    October 18, 2022 |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | |
| Defendant. | |

1

## I.    INTRODUCTION

2

Plaintiff Carlos Calderon Granados has filed two lawsuits against his former employer,

3

Defendant Hyatt Corporation, for the same alleged unlawful conduct, for the same periods of time,

4

based on the same alleged facts and theories of liability under the California Labor Code, and on behalf

5

of the same purported groups of employees. The only difference is that one lawsuit is a class action,

6

while the other is a duplicative representative action under the California Labor Code Private Attorneys

7

General Act of 2004 ("PAGA"), seeking an additional layer of civil penalties for the exact same

8

underlying conduct.

9

There is simply no basis for these lawsuits to be filed in separate courts, under separate

10

proceedings, and Plaintiff cannot credibly argue any legitimate basis for these matters to remain

11

separate. In fact, Plaintiff's counsel has attempted similar tactics in the past—filing two separate

12

lawsuits against Defendant—and has conceded in the past that the matters should be consolidated into a

13

single proceeding.

14

Consolidation for all purposes is appropriate pursuant to California Code of Civil Procedure

15

§ 1048(a) where, as is the case here, actions pending in the same court share one or more common

16

question of law or fact and consolidation will create efficiencies and save time and resources. There is

17

no question about the identical overlap with issues of law and fact between the two matters. With

18

consolidation, the Court and the Parties will save time and expense by consolidating court appearances,

19

the Parties would not have to respond to duplicative written discovery, witnesses would not have to be

20

deposed twice, and the Court would not have to hear potentially duplicative discovery motions and

21

substantive motions on the merits.

22

Consolidation would also allow the Court to coordinate key dates, such as summary judgment

23

deadlines, discovery cut-offs, and trial. Most importantly, coordination would avoid two trials on the

24

same claims involving the same parties, and avoid the risk of inconsistent findings or judgments on the

25

merits of the claims.

26

Given that the nature of the claims are identical, involving the same alleged violations of the

27

California Labor Code and the same parties and groups of employees, Defendant respectfully moves and

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION

88458980v.2

requests that the two lawsuits be consolidated into a single proceeding, for all purposes, before this Court.

## II.    THE TWO LAWSUITS

### A.    The Class Action

On August 11, 2022, Plaintiff filed a putative class action against Hyatt in San Diego Superior Court entitled *Granados v. Hyatt Corporation*, Case No. 37-2022-00032206-CU-OE-CTL (the "Class Action."). The Class Action alleges claims for failure to pay minimum wages, failure to accurately pay overtime, failure to provide compliant meal and rest periods, failure to timely pay wages during employment, failure to timely pay wages owed at separation, inaccurate wage statements, and violation of unfair competition law.

The Class Action seeks to pursue claims on behalf of "[a]ll persons who are or were employed by the Defendants as hourly paid, non-exempt workers at the Alila Marea Beach Resort Encinitas in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter." (Complaint at ¶ 42.)

### B.    The PAGA Action

Despite PAGA's express provisions permitting plaintiffs to amend complaints to add PAGA claims as a matter of right,[1] here, Plaintiff instead elected to file a second lawsuit, requiring Hyatt to litigate the same claims in two separate courts. On October 18, 2022, Plaintiff and his counsel filed the second action against Hyatt, also in San Diego Superior Court, which asserts a standalone PAGA claim and is entitled *Granados v. Hyatt Corporation*, Case No. 37-2022-00041892-CU-OE-CTL (the "PAGA Action."). In his complaint, Plaintiff alleges claims for (1) failure to pay minimum wages (Request for Judicial Notice ("RJN"), Ex. 1 [PAGA Action Complaint] at ¶¶ 38–50), (2) failure to accurately pay overtime (*id.* at ¶¶ 51–61), (3) failure to provide compliant meal periods (*id.* at ¶¶ 62–69), (4) failure to provide compliant rest periods (*id.* at ¶¶ 70–77), (5) failure to timely pay wages during employment (*id.* at ¶¶ 78–83), (6) failure to timely pay wages owed at separation (*id.* at ¶¶ 84–90), and (7) inaccurate wage statements (*id.* at ¶¶ 91–98).

---

[1]    *See* Labor Code § 2699.3(2)(C) ("Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.").

88458980v.2

1    Plaintiff asserts these claims on behalf of "all non-exempt employees working directly or

2    indirectly for Defendants in the State of California from one year prior to the filing of the PAGA notice

3    to the conclusion of this action." (PAGA Complaint at ¶ 2, 14.)

4        The theories and claims asserted in the PAGA Action are identical to those asserted in the Class

5    Action, the representative group of employees alleged for the PAGA Action are wholly subsumed by the

6    Class Action's class definition.

7    **III.    THE CASES SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

8        California Code of Civil Procedure § 1048(a) provides that "[w]hen actions involving a common

9    question of law or fact are pending before the court, [the court] may [] order all the actions consolidated,

10   and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or

11   delay." *See also* WEIL & BROWN, Cal. Prac. Guide Civ. Proc. Before Trial Ch. 12(I)-E, § 12:359 ("In

12   short, all that the moving party need show is that the issues in each case are basically the same, and that

13   'economy and convenience' would be served.")[2]

14       All that is needed for a Court to order consolidation is that actions share a single common

15   question of law or fact. Code of Civ. Proc. § 1048(a); *see also Marriage of McNeill*, 160 Cal. App. 3d

16   548, 556 (1984) (upholding consolidation of the marital dissolution proceeding and the second civil

17   proceeding brought by the husband against the wife for fraud because they involved common facts),

18   *disapproved on other grounds in Marriage of Fabian*, 41 Cal. 3d 440 (1986).

19       The purpose of consolidation is to enhance trial court efficiency and to avoid unnecessary costs

20   and delay, as well as duplication of evidence, discovery, hearings, and procedures. *See e.g., Todd-*

21   *Stenberg v. Dalkon Shield Claimants Trust*, 48 Cal.App.4th 976, 979 (1996) (consolidation upheld

22   where there would have been duplicative testimony by the same witnesses and where much of the same

23   evidence would have been presented in the individual actions had consolidation not been ordered); Code

24   of Civ. Proc. § 1048(a) (consolidation is appropriate "to avoid unnecessary costs or delay"). California

25

26   [2]/    In California, there are "two types of consolidation: a consolidation for purposes of trial only,
     where the two actions remain otherwise separate; and a complete consolidation or consolidation for all
27   purposes, where the two actions are merged into a single proceeding under one case number and result
     in only one verdict or set of findings and one judgment." *Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127,
28   1147 (2000). Defendant seeks to have the Actions consolidated for all purposes.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION
88458980v.2

courts have acknowledged "the waste of the time and effort of [] trial courts, already heavily burdened, which flows from the institution of a series of actions or proceedings which spring from the same body of claims," and have advocated for such waste to be avoided by consolidation. *Hagan v. Fairfield*, 194 Cal.App.2d 240, 251 (1961). The decision to consolidate rests within the sound discretion of the trial court, and will not be reversed except upon a clear showing of abuse of discretion. *Id.*

Here, the Class Action and PAGA Action should be consolidated because the standard for consolidation is satisfied and would create significant efficiencies for the parties, witnesses, and the Court:

- **Same Court.**  Both Actions are filed in San Diego Superior Court, and are now pending in Departments 60 and 65 before Honorable Matthew C. Braner and Honorable Ronald F. Frazier, respectively.

- **Same Parties.**  The Actions involve the same parties and the "similarly situated" individuals Plaintiff seeks to represent in the PAGA Action are also represented in the Class Action.

- **Same Counsel.**  The Parties are represented by the same counsel in both actions. James Hawkins APLC represents Plaintiff in both Actions and Seyfarth Shaw LLP represents Hyatt in both Actions.

- **Same Witnesses and Documents.**  The Actions involve the same witnesses: Plaintiff, the current and former Hyatt employees Plaintiff seeks to represent, and Hyatt's representatives regarding the policies and practices that apply to both Actions. Discovery will involve the same witnesses and the same policies and procedures, employee records such as time records, wage statements, payroll records, and personnel files. Discovery will also involve the same individualized inquiries regarding job experiences and alleged violations of the California Labor Code.

- **Same Factual Allegations and Theories Of Liability.**  Both Actions involve Plaintiff's work experiences at Hyatt, the experiences of hundreds of other individuals that are part of the putative class and representative action groups and the exact same alleged wrongdoing by Hyatt. The chart below clearly demonstrates the identical overlap between the Class Action

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION

and the PAGA Action allegations, with the examples of the duplicative claims bolded for the Court's ease of review:

| Class Action | PAGA Action |
|---|---|
| "At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because **Defendants frequently required Plaintiff and the Class Members to work off the clock.** Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time. **Defendant's policy and practice of not paying all minimum wages violates California Labor Code** sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 5-2001."<br><br>(Complaint at ¶¶ 55–57.) | "At all times relevant, Plaintiff and Aggrieved Employees consistently worked hours for which they were not paid because **Defendants frequently required Plaintiff and the Aggrieved Employees to work off the clock** (including without limitation during purported meal periods). Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Aggrieved Employees were working off the clock and that they should have been paid for this time… **Defendant's policy and practice of not paying all minimum wages violates California Labor Code** sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 4-2001 and 5-2001."<br><br>(PAGA Complaint at ¶¶ 47–50.) |
| "At all times relevant, **Plaintiffs and Class Members consistently worked hours for which they were not paid because Plaintiffs and the Class Members were required to work off the clock**—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate. Plaintiffs are informed and believe that Defendants were aware that Plaintiffs and the Class Members were working off the clock and that they should have been paid for this time. **By way of further example, Plaintiffs and Class Members were required to do pre- and/or post-shift activities while off the clock.** Defendants did not compensate Plaintiff and Class Members for this time spent off the clock. In addition, upon information and belief, **Defendants failed to incorporate all forms of compensation, including without limitation differentials, service charges, commissions, and incentives, into the regular rate for overtime purposes.**"<br><br>(Complaint at ¶¶ 64–67.) | "At all times relevant, **Plaintiff and Aggrieved Employees consistently worked hours for which they were not paid because Plaintiff and the Aggrieved Employees were required to work off the clock**—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate. Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Aggrieved Employees were working off the clock and that they should have been paid for this time. **By way of example, Plaintiff and Aggrieved Employees were required to do pre- and/or post-shift activities while off the clock.** Defendants did not compensate Plaintiff and Aggrieved Employees for this time spent off the clock. In addition, upon information and belief, **Defendants failed to incorporate all forms of compensation, including without limitation differentials, service charges, commissions, and incentives, into the regular rate for overtime purposes.**"<br><br>(PAGA Complaint at ¶¶ 56–59.) |

88458980v.2

| Class Action | PAGA Action |
|---|---|
| "As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the **Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.** Upon information and belief, **Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided."**<br><br>(Complaint at ¶¶ 74–75.) | "As a consequence of Defendants' policies and practices, requirements, scheduling practices, work demands, coverage and staffing, **Plaintiff and the Aggrieved Employees were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.** Upon information and belief, **Plaintiff and the Aggrieved Employees were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided**, in part, because any such payments failed to include any incentives, gift cards, and other remuneration in the regular rate."<br><br>(PAGA Complaint at ¶¶ 65–66.) |
| "Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, **Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.** Such rest breaks, when provided, were **frequently untimely or less than net ten minutes because of the work requirements** imposed by Defendants, and frequent calls during rest periods. **Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.** On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law."<br><br>(Complaint at ¶¶ 83–84.) | "Despite said requirements of the IWC wage orders applicable to Plaintiff's and Aggrieved Employee's employment with Defendants, **Defendants failed and refused to authorize and permit Plaintiff and Aggrieved Employees to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof** as a consequence of Defendants' policies and practices, requirements, scheduling practices, work demands, coverage and staffing. Such rest breaks, when provided, were **frequently untimely or less than net ten minutes because of the work requirements** imposed by Defendants, and frequent calls during rest periods. **Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.** On information and belief, the other members of the aggrieved group endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Aggrieved Employees premium pay as required by law."<br><br>(PAGA Complaint at ¶¶ 74–75.) |
| "**Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.**"<br><br>(Complaint at ¶ 90.) | "**Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.**"<br><br>(PAGA Complaint at ¶ 81.) |

88458980v.2

| Class Action | PAGA Action |
|---|---|
| "Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties. In addition, irrespective of any derivative violation, **Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination** despite their obligations under Labor Code 201 and 202."<br><br>(Complaint at ¶¶ 95–96.) | "Plaintiff and Aggrieved Employees are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick pay, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties. In addition, irrespective of any derivative violation, **Defendants failed to timely pay Plaintiff and, upon information and belief, other Aggrieved Employees earned compensation at the time of termination** despite their obligations under Labor Code 201 and 202."<br><br>(PAGA Complaint at ¶¶ 87–88.) |
| "Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that **each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement. In addition, the wage statements inaccurately stated totals hours worked and hours worked at each hourly wage rate.** On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them. As a pattern | "Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that **each wage statement which failed to accurately compensate Plaintiff and Aggrieved Employees for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.** On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Aggrieved Employees have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Aggrieved Group |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION

88458980v.2

| Class Action | PAGA Action |
|---|---|
| and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information. Here, Plaintiff asserts the **Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.** In addition, **Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.** Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, **Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants** by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay." <br><br> (Complaint at ¶¶ 103–06.) | with an accurate itemized statement in writing accurately reflecting all of the required information. Here, Plaintiff asserts the **Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.** In addition, **Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.** Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, **Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants** by the members of the Aggrieved Group, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay. <br><br> (PAGA Complaint at ¶¶ 95–98.) |

As demonstrated by the near-identical allegations above, failing to consolidate the Actions will necessarily lead to piecemeal litigation. The Class Action asserts the same issues for a longer statute of limitation than the PAGA Action.[3] Even if the Court were to permit the Actions to proceed on parallel tracks, adjudication of the alleged claims in the PAGA Action would not resolve the same claims covered by the Class Action because of the PAGA Action's shorter liability period and limited remedies. Additionally, adjudication of the claims in either Action would not provide the effect of *res judicata*

---

[3] While the Class Action covers a four-year time period, the PAGA Action only covers a one-year time period. *See* Bus. & Prof. Code § 17208; Code of Civ. Proc. § 340; *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1199 (2008).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION

88458980v.2

1    and/or *collateral estoppel* requiring that identical issues be adjudicated twice. *Gavriiloglou v. Prime*

2    *Healthcare Mgmt., Inc.*, 83 Cal.App.5th 595 (2022).

3         Most importantly, there is a serious risk of duplicative or inconsistent rulings if the Actions are

4    not consolidated, because different courts or triers of fact in separate lawsuits would determine the same

5    fundamental questions relating to Hyatt's alleged wage and hour violations, and the claims of each and

6    every individual employee encompassed by the Actions. One court may find that the representative

7    nature of the lawsuit is appropriate, while the other—separated by one floor in the same courthouse—

8    may not. One court may find that Hyatt violated some or all of the Labor Code sections as alleged by

9    Plaintiff, while the other finds the opposite or some variation thereof. Or, both courts may find that

10   Hyatt complied with all wage and hour laws, which will result in duplicative judgments and separate

11   potential appeals. If Hyatt is able to successfully defend against the wage and hour allegations raised in

12   one court, it would be improper, unjust, and harassing to allow Plaintiff and his counsel to re-litigate the

13   same wage and hour violations in the other court. The piecemeal and incomplete litigation pursued by

14   Plaintiff must be avoided with a consolidation of the Actions.

15        If the cases are consolidated, the Court vastly increases the efficiencies of litigation—it can

16   schedule appearances in both cases at the same time, saving time and resources for the Parties and the

17   Court, particularly in light of the fact the Parties are represented by the same counsel in both Actions.

18   Moreover, with the Actions consolidated, the Parties would avoid duplicative written discovery and

19   document productions, and witnesses would only be deposed once. The Parties would avoid bringing the

20   same or similar dispositive motions, such as motions for summary judgment, motions for judgment on

21   the pleadings, motions to strike the claims as unmanageable, motions *in limine*, motions to exclude

22   potential expert evidence, and motions to bifurcate. The Court can also consolidate the calendars for

23   both cases (*e.g.* trial dates, summary judgment dates, discovery cut-off dates, etc.), which will create

24   further efficiencies for the Parties and the Court. Finally, if the cases are consolidated, only one trial will

25   be held, thereby dispensing with the necessity for two trials, and all the attendant resources and

26   inconveniences involved therewith.

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR CONSOLIDATION
88458980v.2

## IV. PLAINTIFF'S COUNSEL HAS PREVIOUSLY AGREED TO CONSOLIDATE SEPARATE LAWSUITS AGAINST THE SAME DEFENDANT

Plaintiff's counsel has previously attempted the same tactics here, against Defendant, in another proceeding. In *Vigil v. Hyatt Corporation*, Plaintiff's counsel filed separate class action and PAGA action lawsuits, which Defendant then removed to federal court. In federal court, when the matter came before the judge, Defendant raised the same arguments as here—that there was no basis for separate filings or separate litigation proceedings, and that the actions must be consolidated for all purposes. **Plaintiff's counsel stipulated to the consolidation of the class action and PAGA action**:

> "The Parties have met and conferred and have determined that the Class Action and the PAGA Action should be consolidated before this Court into the lower-numbered Class Action. The Parties agree that the two actions shall be consolidated for all purposes, including trial. To that end, the Parties further agree that Plaintiff shall file an amended complaint consolidating the two actions."

(RJN, Ex. 2 [Stipulation Re: Consolidation of Class Action and Private Attorneys General Act Action].) The Court in that matter then ordered the separate class action and PAGA action to be consolidated, for all purposes. (RJN, Ex. 3 [Order Granting Motion To Consolidate].) Plainly put, there can be no credible opposition by Plaintiff or his counsel now to Defendant's request for consolidation.

## V. CONCLUSION

The Class Action and the PAGA Action involve the **same** parties, the **same** lawyers, and the **same** alleged Labor Code violations, for the **same** employees, during the **same** overlapping limitations period. For the foregoing reasons, Defendant respectively requests that the Court order the Class Action and PAGA Action consolidated for all purposes.

DATED: March 13, 2023

SEYFARTH SHAW LLP

By: _____
    Brian P. Long
    Michael Afar
    Phillip J. Ebsworth
Attorneys for Defendant
HYATT CORPORATION

88458980v.2

1 | SEYFARTH SHAW LLP
2 | Brian P. Long (SBN 232746)
  | bplong@seyfarth.com
3 | 601 South Figueroa Street, Suite 3300
  | Los Angeles, California 90017-5793
4 | Telephone:    (213) 270-9600
  | Facsimile:    (213) 270-9601

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/13/2023** at 04:03:00 PM

Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

5 | SEYFARTH SHAW LLP
6 | Michael Afar (SBN 298990)
  | mafar@seyfarth.com
7 | 2029 Century Park East, Suite 3500
  | Los Angeles, California 90067
8 | Telephone:    (310) 277-7200
  | Facsimile:    (310) 201-5219

9 | SEYFARTH SHAW LLP
10 | Phillip J. Ebsworth (SBN 311026)
   | pebsworth@seyfarth.com
11 | 400 Capitol Mall, Suite 2350
   | Sacramento, California 95814
12 | Telephone:    (916) 448-0159
   | Facsimile:    (916) 558-4839

13 | Attorneys for Defendant
   | HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS

14 |

15 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

16 | COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00032206-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Matthew C. Braner]* |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION** |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | Date:  April 7, 2023<br>Time: 9:00 a.m.<br>Dept:  C-60 |
| Defendants. | Complaint Filed:    August 11, 2022 |
| CAROLS CALDERON GRANADOS, individually and on behalf of himself and all others similarly situated, | Case No. 37-2022-00041892-CU-OE-CTL |
| Plaintiff, | *[Assigned to the Hon. Ronald F. Frazier]* |
| v. | Complaint Filed:    October 18, 2022 |
| HYATT CORPORATION, a Delaware Corporation, doing business as ALILA MAREA BEACH RESORT ENCINITAS, and DOES 1-50, inclusive, | |
| Defendant. | |

Line numbers: 16 17 18 19 20 21 22 23 24 25 26 27 28

---

92994344v.1

1        TO PLAINTIFF CARLOS CALDERON GRANADOS AND HIS COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on April 7, 2023, at 9:00 a.m. in Department C-60 of the above-

3 entitled Court, located at 330 W. Broadway, San Diego, California, a hearing will be held before the

4 Honorable Matthew C. Braner on Defendant Hyatt Corporation's Motion for Consolidation of *Carlos*

5 *Calderon Granados v. Hyatt Corporation, et al., Case No. 37-2022-00032206-CU-OE-CTL* ("Class

6 Action") and *Carlos Calderon Granados v. Hyatt Corporation, et al., Case No. 37-2022-00041892-CU-*

7 *OE-CTL* ("PAGA Action") for all purposes.

8        Carlos Calderon Granados and Hyatt Corporation are the named parties in the Class Action. All

9 Parties have appeared. Granados is represented by James R. Hawkins and Christina M. Lucio of James

10 Hawkins APLC. Hyatt is represented by Brian P. Long, Michael Afar, and Phillip J. Ebsworth of

11 Seyfarth Shaw LLP.

12        Carlos Calderon Granados and Hyatt Corporation are the named parties in the PAGA Action. All

13 Parties have appeared. Granados is represented by James R. Hawkins and Christina M. Lucio of James

14 Hawkins APLC. Hyatt is represented by Brian P. Long, Michael Afar, and Phillip J. Ebsworth of

15 Seyfarth Shaw LLP.

16        Defendant Hyatt Corporation hereby moves, pursuant to Code of Civ. Proc. § 1048(a), for an

17 order consolidating the Class Action and PAGA Action for all purposes. Consolidation should be

18 ordered because the actions are between the same parties, involve the same underlying facts and claims

19 and, therefore, involve common questions of law and facts, which will promote economy and

20 convenience for the Court and the parties. Hyatt Corporation's motion is further based on the

21 accompanying memorandum of points and authorities, request for judicial notice, declaration of Phillip

22 J. Ebsworth, and all on pleadings and papers on file with the Court.

23 DATED: March 13, 2023              SEYFARTH SHAW LLP

24

25                         By: _____

26                              Brian P. Long

                             Michael Afar

27                              Phillip J. Ebsworth

                         Attorneys for Defendant

28                        HYATT CORPORATION

1

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

92994344v.1

1

## PROOF OF SERVICE

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2300, Sacramento, California  95814-4428.  On March 13, 2023, I caused to be served the within document(s):

3

4

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION**

5

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION**

6

7

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR CONSOLIDATION**

8

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR CONSOLIDATION**

9

☐  by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

10

11

☒  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

12

13

☐  by transmitting the document(s) listed above, electronically, to the e-mail addresses set forth below.

14

15

    James R. Hawkins,          Attorneys for Plaintiff
    Christina M. Lucio

16

    James Hawkins APLC        Tel:  949-387-7200
    9880 Research Drive, Suite 200  Fax: 949-387-6676

17

    Irvine, CA  92618

18

    james@jameshawkinsaplc.com
    christina@jameshawkinsaplc.com

19

20

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

    Executed on March 13, 2023, at Sacramento, California.

26

27

    _Linda Ninelist_

_____
Linda Ninelist

28

88886802v.1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7060 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Carlos Calderon Granados

DEFENDANT(S)/RESPONDENT(S): Hyatt Corporation

Short Title: Granados vs Hyatt Corporation [EFILE]

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.

All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Status Conference (Civil) | 04/07/2023 | 09:00 am | C-60 | Matthew C. Braner |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Re: Case Consolidation and Trial Setting.

Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown.  Refer to local rules.

SUPCT CIV-700 (Rev. 12-06)                                    **NOH - NOTICE OF HEARING**                                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Granados vs Hyatt Corporation [EFILE]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
| --- | --- |
| | **37-2022-00032206-CU-OE-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 02/10/2023. The mailing occurred at Gardena, California on 02/14/2023.

Clerk of the Court, by: _____, Deputy
B. Delgado

JAMES  R HAWKINS
JAMES HAWKINS APLC
9880  RESEARCH DRIVE # 200
IRVINE, CA 92618

CHRISTINA  M LUCIO
JAMES HAWKINS APLC
9880  RESEARCH DRIVE # 200
IRVINE, CA 92618

PHILLIP  J EBSWORTH
400  CAPITOL MALL AVENUE # SUITE 2350
SACRAMENTO, CA 95814

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

BatchPrintExtract_01 csv-1526-000000009

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7060 |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Carlos Calderon Granados

DEFENDANT(S)/RESPONDENT(S): Hyatt Corporation

Short Title: Granados vs Hyatt Corporation [EFILE]

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.

All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Status Conference (Civil) | 04/07/2023 | 09:00 am | C-60 | Matthew C. Braner |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Re: Case Consolidation and Trial Setting.

Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown.  Refer to local rules.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Granados vs Hyatt Corporation [EFILE]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2022-00032206-CU-OE-CTL** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 02/10/2023. The mailing occurred at Gardena, California on 02/14/2023.

Clerk of the Court, by:  B. Delgado _____ , Deputy

JAMES R HAWKINS
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

CHRISTINA M LUCIO
JAMES HAWKINS APLC
9880 RESEARCH DRIVE # 200
IRVINE, CA 92618

PHILLIP J EBSWORTH
400 CAPITOL MALL AVENUE # SUITE 2350
SACRAMENTO, CA 95814

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 02/03/2023            TIME: 10:30:00 AM        DEPT:  C-60

JUDICIAL OFFICER PRESIDING: Matthew C. Braner
CLERK:  Blanca Delgado
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  Z. Patterson

CASE NO: **37-2022-00032206-CU-OE-CTL**  CASE INIT.DATE: 08/11/2022
CASE TITLE: **Granados vs Hyatt Corporation [EFILE]**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

---

**EVENT TYPE**: Civil Case Management Conference
MOVING PARTY: Carlos Calderon Granados
CAUSAL DOCUMENT/DATE FILED: Complaint, 08/11/2022

---

**APPEARANCES**

Phillip J. Ebsworth, counsel, present for Defendant(s) via remote video conference.

---

Appearances are as noted above.There is no appearance by Plaintiff.

The Court denies Attorney Ebsworth's request to consolidate this matter with a related case without Plaintiff's counsel being present.

The Court sets a Motion to Consolidate to 04/07/2023 at 9:00 a.m. and a Status Conference for said date and time.

The Motion Hearing (Civil) is scheduled for 04/07/2023 at 09:00AM before Judge Matthew C. Braner.

The Status Conference (Civil) is scheduled for 04/07/2023 at 09:00AM before Judge Matthew C. Braner.

IMPORTANT: Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.  http://www.sdcourt.ca.gov/coronavirus

_____
Judge Matthew C. Braner

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James R. Hawkins (SBN 192925); Christina M. Lucio (SBN 253677)<br>9880 Research Drive, Suite 200<br>Irvine, California 92618<br>TELEPHONE NO.: (949) 387-7200    FAX NO. *(Optional):* (949) 387-6676<br>E-MAIL ADDRESS *(Optional):* christina@jameshawkinsaplc.com<br>ATTORNEY FOR *(Name):* Plaintiff: Carlos Calderon Granados | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Carlos Calderon Granados

DEFENDANT/RESPONDENT: Hyatt Corporation

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ✓ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>                 (Amount demanded      (Amount demanded is $25,000<br>                 exceeds $25,000)        or less) | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 3, 2023      Time: 10:30 a.m.      Dept.: C-60      Div.:      Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone, by** *(name):* Christina M. Lucio or Mirchell J. Murray

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff: Carlos Calderon Granados
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* August 11, 2022
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      Putative class action alleging Minimum Wage and Overtime violations, Meal and Rest Period violations, Itemized Wage Statement violations, and failure to timely pay during employment and at termination, UCL

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff and Class Members allege Defendant's failure to: 1) pay minimum wages; 2) pay overtime wages; 3) provide lawful meal periods; 4) authorize and permit rest periods; 5) timely pay wages during and after employment; 6) comply with itemized wage statement provisions; and 7) for violation of unfair competition law. Seeks unpaid wages, damages, penalties, premiums, liquidated damages and other sums.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐ The trial has been set for *(date)*:
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a.   ☑ days *(specify number)*: 5 to 8
b.   ☐ hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                           f.   Fax number:
e.   E-mail address:                                               g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case: Granados v. Hyatt Corporation (PAGA Action)
      (2) Name of court: San Diego County Superior Court
      (3) Case number: 37-2022-00041892-CU-OE-CTL
      (4) Status: Pending
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Plaintiff will file a motion for class certification.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions (Corporate) | Per Code |
| Plaintiff | Depositions (Percipient) | Per Code |
| Plaintiff | Expert Discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Carlos Calderon Granados | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

The Parties are meeting and conferring regarding the impact of several actions and settlements which Defendant contends are related to this action. Plaintiff is currently evaluating the impact.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 19, 2023

Christina M. Lucio
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| | | |
|---|---|---|
| CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 5 of 5 |

PROOF OF SERVICE COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9880 Research Drive, Suite 200, Irvine, CA 92618.

On January 19, 2023, I served on the interested parties in this action the following Document entitled:

- **CASE MANAGEMENT STATEMENT**

[XX] by placing [  ] the original [XX] a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[XX]   BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[XX]   COURTESY ELECTRONIC SERVICE: the parties listed were served electronically with courtesy copies of the document(s) listed above by e-mailed PDF files. The document(s) were sent from the email address sheila@jameshawkinsaplc.com.

[XX]   STATE: I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on January 19, 2023, at Irvine, California.

Sheila Gonzales

- 1 -
PROOF OF SERVICE

<u>SERVICE LIST</u>

1

2    Brian P. Long, Esq.
     SEYFARTH SHAW LLP
3    601 South Figueroa St., Suite 3300
     Los Angeles, CA  90017-5793
4    bplong@seyfarth.com
5    Tel: 213.270.9600
     Fax: 213.270.9601
6
     Michael Afar, Esq.
7    SEYFARTH SHAW LLP
8    2029 Century Park east, Suite 3500
     Los Angeles, CA  90067
9    Tel: 310.277.7200
     Fax: 310.201.5219
10   mafar@seyfarth.com
11   Tel: 310.277.7200
     Fax: 310.201.5219
12   mafar@seyfarth.com
13
     Phillip J. Ebsworth, Esq.
14   SEYFARTH SHAW, LLP
15   400 Capitol Mall, Suite 2350
     Sacramento, CA  95814
16   Tel: 916.448.0159
     Fax: 916.558.4839
17   pebsworth@seyfarth.com
18   Attorneys for Defendant
     HYATT CORPORATION dba ALILA
19   MAREA BEACH RESORTS ENCINITAS
20
21
22
23
24
25
26
27
28

- 1 -

PROOF OF SERVICE

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brian P. Long (SBN 232746)          Phillip J. Ebsworth (SBN 311026)
Seyfarth Shaw LLP                          Seyfarth Shaw LLP
601 South Figueroa Street, Suite 3300   400 Capitol Mall, Suite 2350
Los Angeles, CA  90017                    Sacramento, CA  95814

TELEPHONE NO.: 213-270-9600 / 916-448-0159    FAX NO. *(Optional):*
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Hyatt Corporation

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/19/2023** at 03:45:00 PM
Clerk of the Superior Court
By Nora Lopez,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Carlos Calderon Granados

DEFENDANT/RESPONDENT: Hyatt Corporation

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 37-2022-00032206-CU-OE-CTL |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 2/3/2023          Time: 10:30 a.m.          Dept.: C-60          Div.:          Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Phillip J. Ebsworth

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Hyatt Corporation
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint    *(Describe, including causes of action):* (1) Failure to pay minimum wages; (2) failure to accurately pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages owed upon separation from employment; (7) knowing and intentional failure to comply with itemized wage statement provisions; and (8) violation of the Unfair Competition Law.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

**CM-110**

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Putative class action complaint alleging unpaid wages, failure to provide meal and rest periods, failure to timely pay wages, and failure to provide accurate wage statements.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This is a complex wage and hour class action requiring exeptional judicial management including extensive motion practice, substantial amount of documentary evidence, and coordination with related actions.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 60–90

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:                 f. Fax number:
e. E-mail address:                  g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
California Rule of Court 3.811(a)(1).

**CM-110**

| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Carlos Calderon Granados | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Hyatt Corporation | 37-2022-00032206-CU-OE-CTL |

**11. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

    a. ☒ There are companion, underlying, or related cases.

        (1) Name of case: Carlos Calderon Granados v. Hyatt Corporation
        (2) Name of court: San Diego County Superior Court
        (3) Case number: 37-2022-00041982-CU-OE-CTL
        (4) Status: Pending

        ☒ Additional cases are described in Attachment 13a.

    b. ☒ A motion to ☒ consolidate ☐ coordinate will be filed by *(name party):* Hyatt Corporation should the Court not consolidate the actions at the CMC.

**14. Bifurcation**

    ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*
    Depending on whether this action is coordinated, Defendant may file a motion to bifurcate trial of issues in this action if trial will present significant manageability issues.

**15. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Defendant will likely request the Court require Plaintiff to file a motion for approval of a manageable trial plan, and it may file a motion for summary adjudication, a motion to deny class certification, and, as needed, may faile discovery motions or motions in limine.

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | TBD |
| Defendant | Written Discovery | TBD |
| Defendant | Expert Discovery | TBD |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

     **CASE MANAGEMENT STATEMENT**     

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: CARLOS CALDERON GRANADOS<br>DEFENDANT/RESPONDENT: HYATT CORPORATION | CASE NUMBER:<br>37-2022-00041892-CU-OE-CTL |

17. **Economic litigation**

    a. ☐    This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐    This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☒    The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
    Defendant requests the Court consolidate this class action with the separate PAGA action that Plaintiff filed less than ten weeks later. Consolidation is appropriate as the actions involve the same named plaintiff and former employee, the same counsel, brought on behalf of the same group of employees, and allege the same Labor Code violations against the same defendant. Should the Court not consolidate the matters at the CMC, Defendant requests a stay of this action until the issue of consolidation is decided through motion practice.

19. **Meet and confer**

    a. ☒    The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐    After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*   1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 19, 2023

| Phillip J. Ebsworth | Phillip Ebsworth |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

| SHORT TITLE:  GRANADOS v. HYATT CORPORATION, et al. | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|

1

**ATTACHMENT 13a**

2  (1) Crump v. Hyatt Corporation

3  (2) U.S. District Court, Northern District of California

4  (3) 4:20-cv-00295-HSG

5  (4) Pending

6

7  (1) Hartstein v. Hyatt Corporation

8  (2) U.S. District Court, Central District of California

9  (3) 2:20-cv-04874-DSF-JPR

10  (4) Disposed of by judgment

11

12  (1) Vigil v. Hyatt Corporation

13  (2) U.S. District Court, Northern District of California

14  (3) 4:22-cv-00693-HSG

15  (4) Pending

16

17  (1) Neubecker v. Hyatt Corporation

18  (2) San Diego County Superior Court

19  (3) 37-2022-00050362-CU-OE-CTL

20  (4) Pending

21

22  (1) Hicks v. Hyatt Corporation

23  (2) Placer County Superior Court

24  (3) S-CV-0049601

25  (4) Pending

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27  
| *This page may be used with any Judicial Council form or any other paper filed with the court.* | **Page** 1 |
|---|---|

Form Approved by the
Judicial Council of California
9129(b)(3)
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

1

## PROOF OF SERVICE

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2300, Sacramento, California 95814-4428. On January 19, 2023, I caused to be served the within document(s):

3

4

**CASE MANAGEMENT STATEMENT**

5

6

☒ by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

7

8

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

9

10

☐ by transmitting the document(s) listed above, electronically, to the e-mail addresses set forth below.

11

12

James R. Hawkins,              Attorneys for Plaintiff
Christina M. Lucio

13

James Hawkins APLC       Tel: 949-387-7200
9880 Research Drive, Suite 200   Fax: 949-387-6676
Irvine, CA 92618

14

                             james@jameshawkinsaplc.com

15

                             christina@jameshawkinsaplc.com

16

17

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

    Executed on January 19, 2023, at Sacramento, California.

22

23

24

_____

Linda Ninelist

25

26

27

28

88886802v.1

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian P. Long (SBN 232746)    Phillip J. Ebsworth (SBN 311026)<br>Seyfarth Shaw LLP    Seyfarth Shaw LLP<br>601 South Figueroa Street, Suite 3300    400 Capitol Mall, Suite 23500<br>Los Angeles, CA  90017-5793    Sacramento, CA  95814<br>TELEPHONE NO.:  213-270-9600 / 916-448-0159    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  HYATT CORPORATION dba ALILA MAREA BEACH RESORT ENCINITAS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**11/04/2022** at 03:58:00 PM<br>Clerk of the Superior Court<br>By Gabriel Lopez,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DEIGO** | |
|---|---|
| STREET ADDRESS:  330 W. Broadway | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE:  San Diego 92101 | |
| BRANCH NAME:  Central | |

| PLAINTIFF/PETITIONER: CARLOS CALDERON GRANADOS | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
|---|---|
| DEFENDANT/RESPONDENT:  HYATT CORPORATION, et al. | JUDICIAL OFFICER:<br>Hon. Matthew C. Braner |
| **NOTICE OF RELATED CASE** | DEPT.:<br>C-60 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Crump v. Hyatt Corporation

   b. Case number: 4:20-cv-00295-HSG

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* U.S. District Court, Northern District, 1301 Clay Street, Oakland, CA 94612

   d. Department: Courtroom 2

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: December 6, 2019

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☒ involves the same parties and is based on the same or similar claims.

      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 1h

   i. Status of case:

      ☒ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

2. a. Title: Hartstein v. Hyatt Corporation

   b. Case number: 2:20-cv-04874-DSF-JPR

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* U.S. District Court, Central District, 350 West 1st Street

   d. Department: Courtroom 7D

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]<br>88883877v.1

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: CARLOS CALDERON GRANADOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HYATT CORPORATION, et al. | 37-2022-00032206-CU-OE-CTL |

2. *(continued)*

   e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

   f. Filing date: Aprifl 24, 2020

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed   ☐ with   ☐ without prejudice

      ☒ disposed of by judgment

3.  a. Title: Carlos Calderon Granados v. Hyatt Corporation

   b. Case number: 37-2022-00041892-CU-OE-CTL

   c. Court: ☒ same as above

      ☐ other state or federal court *(name and address):*

   d. Department: Information re assignment unavailable at this time

   e. Case type: ☐ limited civil   ☒ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

   f. Filing date: October 18, 2022

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☒ involves the same parties and is based on the same or similar claims.

      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☒ pending

      ☐ dismissed   ☐ with   ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: November 4, 2022

Phillip J. Ebsworth
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Phillip Ebsworth*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER:  CARLOS CALDERON GRANADOS | CASE NUMBER:<br>37-2022-00032206-CU-OE-CTL |
| DEFENDANT/RESPONDENT:  HYATT CORPORATION, et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):* 400 Capitol Mall, Suite 2300, Sacramento, CA  95814

2. | served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐  deposited the sealed envelope with the United States Postal Service.

   b. ☒  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* November 4, 2022
   b. from *(city and state):* Sacramento, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Jonathan M. Genish, Matthew W. Dietz, Blackstone Law, APC

   Street address: 8383 Wilshire Blvd., Suite 745

   City: Beverly HIlls

   State and zip code: CA 90211

   b. Name of person served: R. Rex Parris, Alexander R. Wheeler, Kitty K. Szeto, Ryan A. Crist, Parris Law Firm

   Street address: 43364 10th Street West

   City: Lancaster

   State and zip code: CA 93534

   c. Name of person served: James R. Hawkins, Christina M. Lucio, James Hawkins APLC

   Street address: 9880 Research Drive, Suite 200

   City: Irvine

   State and zip code: CA 92618

   d. Name of person served:

   Street address:

   City:

   State and zip code:

☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 4, 2022

Linda Ninelist

| | |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |